These two tax cases come before the court on defendant’s motions to dismiss. In their original petitions, plaintiffs (joint taxpayers appearing pro se) asked that we "disallow” two notices of deficiency issued by the Internal Revenue *728 Service, pertaining to plaintiffs’ tax obligations for 1972, 1973, and 1974. Defendant moved to dismiss the petitions on the grounds that plaintiffs had not alleged they had paid the taxes demanded by the IRS and made timely claims for refund, as required by 26 U.S.C. § 7422(a). Moreover, defendant pointed out, plaintiffs state that they have brought the dispute regarding 1973 taxes before the Tax Court, thus depriving this court of jurisdiction of plaintiffs’ claim for that year. See 26 U.S.C. § 7422(e).
Plaintiffs have since filed an additional paper in each case, entitled Motion of Plaintiffs to Dismiss Motion of Defendant. Therein they assert payment of deficiencies on unspecified dates and for unspecified years and demand return of same with interest. Even if we were willing to treat the information in these papers as amendments to the petitions, as defendant points out, plaintiffs have not yet alleged the necessary jurisdictional elements. To invoke our jurisdiction in a tax case, the deficiency must have been paid in full and a timely claim for refund filed with the Internal Revenue Service. 26 U.S.C. § 7422(a). As defendant’s reply briefs add, such refund claims must have been disallowed or permitted to remain undecided for 6 months before jurisdiction here can be invoked. 26 U.S.C. § 6532(a)(1). No suit here may be entertained with respect to taxes under litigation in the Tax Court. 26 U.S.C. § 7422(e). Plaintiffs’ petitions fail to establish compliance with these requirements, so they must be dismissed unless they can be made jurisdictionally sufficient by amendment. Plaintiffs are presently in Guatemala, and their mail communications with Washington appear to be slow. For this reason, we will stay action on defendant’s pending motions to allow 60 days within which time taxpayers may file amended petitions alleging the necessary jurisdictional elements.
Plaintiffs have hinted at conduct by the IRS which might form the basis of a complaint under 26 U.S.C. § 6110(i), added by the Tax Reform Act of 1976, 90 Stat. 1665-66. Plaintiffs may wish to consider whether the facts to which they have so far merely alluded vaguely are sufficient to establish a monetary claim under that statute.
it is therefore ordered, without oral argument but upon consideration of the written submissions of the parties, that final action on defendant’s motions to dismiss is stayed for 60 days to afford plaintiffs the opportunity to *729 file petitions stating grounds within the jurisdiction of the court to grant relief. Plaintiffs pending motions are denied.
On October 2, 1978 the petition was dismissed.