This pro se tax suit is before the court on defendant’s motion to dismiss plaintiffs petition, to which plaintiff has filed no response. Upon the basis of the submissions and other papers, but without oral argument, we grant defendant’s motion to dismiss and dismiss plaintiffs petition, without prejudice.
On September 30, 1977, the Internal Revenue Service sent plaintiff deficiency notices for income tax deficiencies for plaintiffs 1972, 1973, and 1974 tax years. The record does not show, nor does plaintiff allege, payment of the deficiences or that a claim for refund was filed for any of the disputed years. On February 13, 1978, the Internal Revenue Service assessed the income tax deficiencies against plaintiff for 1972 ($9,478.58), 1973 ($3,242.07), and 1974 ($2,040.68), plus negligence penalties and interest. Plaintiff petitioned this court on January 3, 1978, seeking capital gains treatment for 1972-1974 patent royalty income which the Internal Revenue Service had treated as ordinary income.
Plaintiffs petition must be dismissed for lack of jurisdiction. To invoke this court’s jurisdiction in a tax case, the deficiency must be fully paid and a timely claim for refund filed with the Internal Revenue Service, 26 U.S.C. § 7422(a) (1976); Jarvis v. United States, Ct. Cl. Nos. 545-77, 546-77 (order filed October 2, 1978). A petitioner must further demonstrate the claim for refund has been either disallowed or ignored by the Internal Revenue Service, 26 U.S.C. § 6532(a)(1) (1976); Jarvis v. United States, 217 Ct. Cl. 727 (1978). Plaintiffs petition fails to allege, nor does the record show, compliance with either of these jurisdictional prerequisites. Therefore, the petition must be dismissed, though dismissal shall be without prejudice.
Accordingly, it is therefore ordered that defendant’s motion to dismiss, filed October 16, 1978, is granted. Plaintiffs petition is dismissed, without prejudice.