Plaintiff, pro se, brings this action for a refund of federal income taxes paid for the taxable years 1973 and 1974. Defendant has made a motion to dismiss on the grounds that the claims for refund were not timely. Plaintiff has not responded to the motion, and the time for response has passed. For the reasons stated, we grant the motion.
Plaintiff is a citizen of the United States who has resided in Canada since 1971. Plaintiff filed U.S. income tax returns in 1973 and 1974. In 1973, a total of $153.76 was withheld by plaintiffs broker on interest income from bonds which plaintiff owned. This sum was remitted to the Internal Revenue Service. Plaintiff filed his 1973 tax return on May 6, 1974. Plaintiff filed a claim for refund for 1973 which was received on November 28,1980. By a letter dated January 27, 1981, the Internal Revenue Service (I.R.S.) disallowed plaintiffs claim on the grounds that it was not timely filed.
Similarly, in 1974 a total of $45 was withheld on interest from debentures which plaintiff owned. This sum was also remitted to defendant. Plaintiff filed a joint return for 1974 on June 6, 1975. Plaintiffs claim for refund for 1974 was received on November 26, 1980. By a letter dated March 3, 1981, the I.R.S. disallowed plaintiffs claim on the grounds that it was not timely.
Plaintiff filed a petition in this court on February 17, 1982, seeking a judgment for the amount of the claims denied by the I.R.S., plus interest. Plaintiff claims that the amounts withheld were erroneously collected, as he is a U.S. citizen not subject to the withholding provisions for nonresident aliens under section 1441.[1] Apparently plaintiff did not apply the taxes withheld towards his income tax liability for 1973 and 1974.
It is well established that a timely claim for refund is a jurisdictional prerequisite to bringing suit in this court. See, e.g., Armstrong v. United States, ante at 52, 681 F.2d 774 (1982); Wozniak v. United States, 219 Ct. Cl. 580 (1979). If a claim for refund is not timely, it would not have been "duly *876 filed” as required by section 7422, so no suit for refund may be brought.
The general statute of limitations for filing a claim for refund is set out in section 6511(a), which provides that a claim must be filed within 3 years from the time the return was filed or 2 years from when the tax was paid, whichever is later. Section 6513(b) states that, for the purposes of section 6511, any amount withheld shall be considered to be paid on the fifteenth day of the fourth month following the close of the taxable year.
Under the applicable statutes, then, the last day plaintiff could have filed a claim for refund for 1973 was May 6,1977 (3 years after he filed his return for that year). Similarly, a claim for 1974 had to be filed by June 6, 1978. Since plaintiff did not file a claim for either year until November 1980, his claims were clearly not timely and we have no jurisdiction to entertain the claims before us.
it is therefore ordered, upon consideration of defendant’s motion to dismiss, without oral argument, that plaintiffs claims for refund are barred by the statute of limitations. The motion is granted and the petition is dismissed.

 All section numbers refer to the Internal Revenue Code of 1954, as amended, title 26 of the United States Code.