## Sid AUSTIN

v.

## The UNITED STATES.

### No. 526–82T.

United States Claims Court.

March 30, 1983.

Sid Austin, pro se.

Stella A. Tomlinson, Washington, D.C., with whom was Asst. Atty. Gen., Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION

WHITE, Senior Judge.

This case is pending before the court on a motion to dismiss filed by the defendant.

The complaint was filed on October 13, 1982, to recover the specific sum of $2,219.43 "and any other amounts" deducted by the plaintiff's employer from his pay pursuant to a federal Notice of Levy on Wages, Salary, and Other Income.

The tax levy was made by the Internal Revenue Service and was served on the plaintiff's employer, Pacific Intermountain Express. It indicated that, as of July 1, 1982, the plaintiff owed income taxes (including statutory additions) in the amounts of $194.69 for 1978 and $5,121.80 for 1979, or a total of $5,316.49 for the 2 years.

Between the date of the tax levy and the date on which the complaint was filed, the total amount of $2,219.43 was deducted from the plaintiff's pay by his employer pursuant to the tax levy.

The complaint alleges that the deductions from the plaintiff's pay pursuant to the tax levy caused financial hardship to him and his family, deprived the family of adequate financial means for support and for keeping current with mortgage and other installment-type obligations, and contributed to the dissolution of the family, as the plaintiff's wife has left him. The plaintiff does not deny in the complaint that he owed the amount of taxes on which the tax levy was based, or assert that the tax levy was improperly issued.

Moreover, the plaintiff does not allege in the complaint, or attempt to make any showing elsewhere, that before instituting the present court action, he filed with the Treasury Department a claim for refund or credit with respect to the $2,219.43 sued for the court action. This failure on the part of the plaintiff is the basis for the defendant's motion to dismiss.

Section 7422(a) of the Internal Revenue Code of 1954 (26 U.S.C. § 7422(a) (1976)) provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax * * * until a claim for refund or credit has been duly filed with the Secretary [of the Treasury] * * *." Thus, the previous filing with the Treasury Department of a claim for a tax refund or credit is a prerequisite to the maintenance of an action in court on the particular demand. *United States v. Felt & Tarrant Mfg. Co.,* 283 U.S. 269, 272–73, 51 S.Ct. 376, 377–378, 75 L.Ed. 1025 (1931); *Pechette v. United States,* 145 Ct.Cl. 189, 193 (1959); *Hampton v. United States,* 206 Ct.Cl. 422, 436, 513 F.2d 1234, 1243 (1975); *Missouri Pacific Railroad Co. v. United States,* 214 Ct.Cl. 623, 626, 558 F.2d 596, 598 (1977).

In view of the plaintiff's failure to show that, before instituting this court action, he filed a claim for administrative relief with the Secretary of the Treasury (or with the Secretary's agent, the Internal Revenue Service), this court does not have jurisdiction to entertain the present action.

### Conclusion

For the reason stated in the opinion, it is concluded that the plaintiff is not entitled to recover. Accordingly, the defendant's motion to dismiss is granted.

The complaint will be dismissed.

IT IS SO ORDERED.