**John Allen LYLE**

v.

**The UNITED STATES.**

**No. 603–82T.**

United States Claims Court.

April 13, 1983.

John Allen Lyle, pro se.

Stella A. Tomlinson, with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION ON DEFENDANT'S MOTION TO DISMISS

WOOD, Judge:

In this action, plaintiff sues to recover federal income taxes and interest thereon, amounting to a total of $638, assessed against and paid by plaintiff for the taxable year 1976.

Plaintiff asserts that denial by the Commissioner of Internal Revenue of a claimed miscellaneous deduction (described below) for the taxable year 1976, and the resulting assessment of taxes and interest, are improper. Defendant has moved to dismiss the complaint, asserting that plaintiff failed to file a claim for refund for the taxable year 1976 and that the court accordingly is without jurisdiction, and that "since the United States Tax Court has already entered a final judgment for [precisely the] same year and issue" here presented, plaintiff's claim is in any event barred by res judicata.

The issues have been fully briefed, and the case is ready for decision. For the reasons and under the authorities hereinafter appearing, and without oral argument, it is concluded that plaintiff's complaint must be dismissed.

I

Plaintiff has been since 1974, and is, a retired officer of the United States Army.[1] In July 1976, the Ector County, Texas, In-

---

1. The facts stated herein are derived from plaintiff's complaint (and exhibits appended thereto).

dependent School District offered him a position as a Senior Army Instructor for the Junior Reserve Officer Training Corps (ROTC) program at Permian High School, Odessa, Texas, beginning August 2, 1976. He accepted that offer, and was employed by the school district as a Junior ROTC instructor through December 31, 1976.

In the Reserve Officers' Training Corps Vitalization Act of 1964, Pub.L. 88–647, 78 Stat. 1063, codified at 10 U.S.C. § 2031 (1976), Congress authorized the establishment of up to 1200 Junior ROTC units at public and private secondary schools. *See Brant v. United States,* 220 Ct.Cl. 65, 597 F.2d 716 (1979). Sections 2031(c) and (d) together provide that the Secretary of the military department concerned "shall" support the Junior ROTC program in various ways, one of which is to "authorize qualified institutions to employ, as * * * instructors in the program, retired officers, * * *" subject to the following:

(d) * * *

(1) Retired members so employed are entitled to receive their retired or retainer pay and an additional amount of not more than the difference between their retired pay and the active duty pay and allowances which they would receive if ordered to active duty, and one-half of that additional amount shall be paid to the institution concerned by the Secretary of the military department concerned from funds appropriated for that purpose.

(2) Notwithstanding any other provision of law, such a retired member is not, while so employed, considered to be on active duty or inactive duty training for any purpose.

Department of Defense Directive No. 1205.13 V.B. 3. (March 7, 1975), "SUBJECT Reserve Officers Training Corps (ROTC) Programs for Secondary Educational Institutions," issued in implementation of section 2031,[2] provides in pertinent part that secondary educational institutions participating in the Junior ROTC program who duly employ retired officers to serve as instructors must agree to pay "retired personnel so employed":

* * * their retired or retainer pay and an additional amount to be computed as the difference between such pay and the annual active duty pay and allowances for their pay grade, excluding hazardous duty pay, which they would receive if ordered to active duty.

The cited Directive goes on to provide as follows:

The institution shall be considered the employing agency and shall pay the full additional amount due to the individual employee; one-half of the additional amount shall be refunded to the institution by the Secretary of the Military Department concerned from funds appropriated for that purpose.

c. The schedule of pay, the period of employment, and the terms of the employment contract will be at the discretion of the school system, provided that minimum requirements prescribed by this Directive are met.

In accordance with the foregoing, plaintiff received during 1976 his normal retired pay plus an additional amount attributable to his employment as a Junior ROTC instructor.[3] On their joint federal income tax return for 1976,[4] plaintiff and his wife claimed as a miscellaneous itemized deduction an amount ($1,775) which, in the Tax

---

**2.** *See* also 32 C.F.R. 111 (1976), "ROTC Programs For Secondary Educational Institutions."

**3.** *See Lyle v. Commissioner,* 76 T.C. 668 (1981), aff'd, 673 F.2d 1326 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 83, 74 L.Ed.2d 78 (1982). According to the Tax Court opinion, plaintiff received $5,135 in gross pay from the Ector County, Texas, Independent School District, in addition to his retired pay as a retired Army officer.

**4.** Plaintiff's wife, Glenna Lyle, was named as a petitioner in the Tax Court proceeding cited in note 3, *supra.* The complaint in this court is in plaintiff's sole name. While plaintiff provides no explanation for the discrepancy, defendant does not make any point of it, and for present purposes it can be and is ignored.

Court's words, "purported to be the amount petitioner received as a subsistence and quarters allowance while acting as a Junior ROTC instructor." *Lyle v. Commissioner,* 76 T.C. 668, 670 (1981), *aff'd,* 673 F.2d 1326 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 83, 74 L.Ed.2d 78 (1982).

The Commissioner of Internal Revenue subsequently determined that the claimed miscellaneous deduction was not a subsistence and quarters allowance properly excludable from gross income under section 1.61–2(b) of the Income Tax Regulations.[5] Treas.Reg. § 1.61–2(b) (1970). In consequence, plaintiff's taxable income for 1976 was increased by $1,775, and a deficiency in his federal income tax for 1976 was duly determined. Plaintiff thereupon petitioned the Tax Court for a redetermination of that deficiency.

The Tax Court sustained the Commissioner's disallowance of the said deduction, holding that "petitioner received no nontaxable quarters or subsistence allowances as a result of his employment as a Junior ROTC instructor in 1976." *Lyle v. Commissioner, supra,* 76 T.C. at 677. On April 1, 1982, the United States Court of Appeals for the Fifth Circuit affirmed the Tax Court without published opinion, and on October 4, 1982, the Supreme Court denied plaintiff's petition for a writ of certiorari.

In the meantime, the Internal Revenue Service had transmitted to plaintiff (and his wife) a request for payment of delinquent income taxes for 1976, plus interest, and on April 5 and July 27, 1982, respectively, plaintiff made the payments, totaling $638, the recovery of which he here seeks.

Plaintiff has admittedly failed to file a formal (or an informal) claim for refund with respect to his 1976 income taxes following the Tax Court's decision in his case. In his view, his "original Income Tax Form 1040 [for 1976, filed in 1977] was a claim for refund that was denied." He adds that, in his judgment, an "additional claim would be disapproved * * *."

## II

By statute, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax * * * until a claim for refund or credit has been duly filed with the Secretary * * *" of the Treasury. Section 7422(a), Internal Revenue Code of 1954, as amended, 26 U.S.C. § 7422(a) (1976). "* * * the previous filing with the Treasury Department of a claim for a tax refund or credit is a prerequisite to the maintenance of an action in court on the particular demand." *Austin v. United States,* 2 Cl.Ct. 182, 183 (1983) (WHITE, S.J.); *see also United States v. Felt & Tarrant Mfg. Co.,* 283 U.S. 269, 272–73, 51 S.Ct. 376, 377–378, 75 L.Ed. 1025 (1931); *Sun Chemical Corp. v. United States,* 698 F.2d 1203, 1206 (Fed.Cir.1983).

■ Plaintiff concedes, and defendant has in any event adequately established, that plaintiff has failed to file a formal or even an informal claim for refund or credit with respect to the assessment and payment here in issue, following payment thereof. Accordingly, the court lacks jurisdiction to entertain the present action. *Austin v. United States, supra; Recchie v. United States,* 1 Cl.Ct. 726 (1983) (MARGOLIS, J.); *Reyes v. United States,* 227 Ct.Cl. 586 (1981); *Cooper v. United States,* 217 Ct.Cl. 697, 698–99 (1978).

■ Plaintiff does suggest that he complied with the requirements of section 7422(a) "in spirit" in 1977, when he filed his federal income tax return for the year 1976, by claiming a *deduction* for the payments here involved. That suggestion is wholly without merit. *United States v. Felt & Tarrant Mfg. Co., supra; Rock Island, Arkansas & Louisiana R.R. Co. v. United States,* 254 U.S. 141, 41 S.Ct. 55, 65 L.Ed. 188 (1920). And, the notion that a claim for refund, if made, might have been "disapproved" does not excuse a failure of compliance with the requirements of section 7422(a). *Ibid.; see also Bohn v. United States,* 467 F.2d 1278, 1279–80 (8th Cir. 1972).

---

5. Other IRS adjustments made are not now in    issue.

Were that not so, however, plaintiff still would be no better off. The issue plaintiff seeks to have this court resolve is whether or not, for the taxable year 1976, he is entitled to a miscellaneous deduction representing purported subsistence and quarters allowances during the period of his employment as a Junior ROTC instructor. That precise issue, for the same taxable year here involved, was presented to and resolved by the Tax Court on plaintiff's petition for redetermination of deficiency for the taxable year 1976. The Tax Court's decision sustaining disallowance of the claimed deduction was affirmed on appeal, and the Supreme Court has denied plaintiff's petition for a writ of certiorari.

On these facts, it is clear that "plaintiff seeks to relitigate the same issues he raised or could have raised in the Tax Court," for the same year. *Cohen v. United States,* 2 Cl.Ct. 181, 182 (1983) (MAYER, J.). That, however, is not permissible. As Judge Mayer has aptly held, "This court has no authority to review the judgment of the Tax Court and the decision there is res judicata as to the issues plaintiff seeks to relitigate here." *Ibid.; see* also *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979); *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Thus, even were plaintiff to file a timely claim for refund of the taxes here relevant, it would be to no avail.

In light of the foregoing, defendant's motion to dismiss is well founded. Accordingly, plaintiff's complaint will be dismissed pursuant to Rule 58.