**Gracie K. WALSH**

v.

**The UNITED STATES.**

**No. 461–83T.**

United States Claims Court.

Oct. 24, 1983.

Gracie K. Walsh, pro se plaintiff, through her spouse David A. Walsh, pursuant to a power of attorney.

Paul Wright, Washington, D.C., with whom was Asst. Atty. Gen., Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION

REGINALD W. GIBSON, Judge:

This is a *pro se* tax refund suit pursuant to which jurisdiction in this court is premised on the Tucker Act, Section 1491, Title 28 United States Code.

Defendant has moved to dismiss subject complaint on two grounds—(i) this court lacks jurisdiction over the subject matter in that plaintiff failed to file a claim for refund, and (ii) the complaint fails to set forth a claim upon which relief can be granted.

This court agrees with the defendant with respect to its initial position, does not reach defendant's second position, and therefore dismisses the complaint for the reasons stated hereinafter.

The complaint in this case was filed by one David A. Walsh, on July 18, 1983, ostensibly pursuant to a power of attorney on behalf of his spouse, Gracie K. Walsh.[1] While the complaint is vague and confusing as to other relevant issues, one may nevertheless decipher therefrom that plaintiff seeks a refund of federal income taxes in the amount of $10,000. However, nowhere in said complaint does plaintiff allege any *specific* tax year(s) or period(s) for which a refund is sought, nor does she allege the amount, the date, or the place where any payment to be refunded was made, the date and place the return(s) were filed, or the name(s) and address of the taxpayer(s) appearing on any return(s) in issue. More importantly, plaintiff makes no allegation therein that a timely claim or claims for refund were filed for any taxable year or years.[2]

In plaintiff's memorandum in opposition to defendant's motion to dismiss, which in turn was premised on this court's lack of jurisdiction over subject case and failure to state a claim upon which relief can be granted, she averred therein that "plaintiff *has* filed claim for refunds [sic]" as was set forth in her verified complaint. However, even from a cursory reading of said memorandum, it is evident that plaintiff fails to comprehend the nature and purpose of the filing requirements of an administrative claim for refund and its impact on the threshold jurisdiction of this court. Throughout her memorandum, plaintiff repeatedly contends, in substance, that her "claim for refund" for purposes of this litigation, is reflected by "Returns, letters, briefs, documentation in support of tax deductions claimed, etc., as was set forth in her verified Complaint"; and she further emphasizes that the requisite "claim" is established by the fact that she utilized the word "refund due Taxpayer" in the complaint. However, there is nothing in or attached to the pleadings that will establish that a formal claim or even an informal claim for refund has been filed for any taxable year or years. In short, plaintiff has produced not one scintilla of evidence which might reasonably be construed to meet the requirements of a claim for refund.

This finding is adequately corroborated by the affidavit of counsel for the defendant who avers that the records maintained by defendant in the regular course of its business fails to disclose that the plaintiff

---

1. The taxpayer herein, Gracie K. Walsh, is represented by her spouse David A. Walsh, pursuant to what purports to be a power of attorney. The court notes, however, that the purported power of attorney was executed by the taxpayer both as the affiant and as the licensed Notary Public. However, there is no indication that taxpayer is so commissioned under the laws of any jurisdiction. Thus it appears that this is a *pro se* case.

2. Rules of the United States Claims Court 9(h)(6).

filed a claim for refund, or an amended return, for any taxable year(s).

Although the complaint does not disclose the substantive basis for plaintiff's alleged claim for a refund in the amount of $10,000 in taxes, her opposition memorandum to defendant's motion to dismiss appears to indicate, while not totally free from doubt, that plaintiff's home was destroyed by fire, with no provision for insurance. As a consequence, it is apparently contended that a $17,500 fire casualty loss was realized by the taxpayer. Consistent with the averments in the complaint, plaintiff's memorandum in opposition to defendant's motion to dismiss is also vague as to the particulars underlying the bona fides of the alleged casualty loss.

## DISCUSSION

Plaintiff's dilemma, at this posture, obviously emanates, at least with respect to the jurisdictional issue, from the fact that she is not represented by learned counsel, but, in effect, appears here *pro se.*

Although a litigant has the right to act as his or her own attorney, it is well established that the right of self representation is not a license to fail to comply with the applicable rules of procedural and substantive law. *Faretta v. California,* 422 U.S. 806, 835 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975).

And while this court well recognizes the difficulties of the *pro se* plaintiff, particularly in complex tax refund litigation, it is axiomatic that no special exceptions can be, nor should be, made for such litigants. Fairness obviously compels that the same rules must apply to *pro se* litigants as do to those who are represented by duly qualified practitioners, otherwise ineptness would be rewarded.

Turning now to the statutory requirements applicable here, section 7422(a), Title 26 United States Code (1954 Internal Revenue Code) delineates one of the primary

conditions precedent to instituting tax refund litigation in federal courts. There, in pertinent parts, it provides as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax ... until a *claim for refund or credit* has been duly filed with the Secretary ... according to the provisions of law in that regard.... (Emphasis added.)

Thus, in order to clothe this court with jurisdiction in a federal tax refund suit, it must be clearly shown and established that, prior to filing a petition here, the taxpayer has previously filed an administrative claim for a tax refund, with respect to the same taxable years and relating to the same issues, with the Internal Revenue Service. In this connection, our predecessor court, the United States Court of Claims, has consistently so held, as in *Wozniak v. United States,* 618 F.2d 119, 219 Ct.Cl. 580, 581 (1979), wherein it stated:

> To invoke this court's jurisdiction in a tax case, the deficiency must be fully paid and a timely claim for refund filed with the Internal Revenue Service, 26 U.S.C. § 7422(a).... A petitioner must further demonstrate the claim for refund has been either disallowed or ignored by the Internal Revenue Service, 26 United States Code § 6532(a)(1)....

See also in this regard *United States v. Felt & Tarrant Manufacturing Company,* 283 U.S. 269, 272–73, 51 S.Ct. 376, 377–78, 75 L. Ed. 1025 (1931); *Jarvis v. United States,* 590 F.2d 343, 217 Ct.Cl. 727, 728 (1978); *Missouri Pacific Railroad Co. v. United States,* 214 Ct.Cl. 623, 626, 558 F.2d 596, 598 (1977); *Hampton v. United States,* 206 Ct.Cl. 422, 436, 513 F.2d 1234, 1243 (1975); *Pechette v. United States,* 145 Ct.Cl. 189, 193 (1959).

Whereas here the evidence is irrefutable that plaintiff has failed to allege or to establish that the record shows that she filed a formal or even an informal claim [3] for refund or credit before instituting this

---

**3.** In *Disabled American Veterans v. United States,* 227 Ct.Cl. 474, 477, 650 F.2d 1178, 1180 (1981), the Court of Claims held that "[f]or an act to constitute a valid informal refund claim, that act must be clear and explicit"; in short, "a valid informal claim must take the form of a definite instrument."

court action, this court clearly lacks jurisdiction to entertain the subject litigation. *John Allen Lyle v. United States,* 2 Cl.Ct. 250, 252 (1983); *Recchie v. United States,* 1 Cl.Ct. 726, 727 (1983); *Reyes v. United States,* 227 Ct.Cl. 586, 587 (1981); *Cooper v. United States,* 578 F.2d 1390, 217 Ct.Cl. 697, 698–99 (1978).

## CONCLUSION

For the foregoing reasons, it is concluded that this court is without jurisdiction and plaintiff is not entitled to recover any taxes. Accordingly, defendant's motion to dismiss is granted.

Because the pleadings leave unclear the specific taxable year(s) for which a refund is sought based on an alleged casualty loss, and the period for filing such a claim may not have expired, the complaint herein is to be dismissed without prejudice.

IT IS SO ORDERED.