**Franz Elmar BADER**

v.

**The UNITED STATES.**

**No. 263–85T.**

United States Claims Court.

May 27, 1986.

Maurice L. Muehle, Los Angeles, Cal., for plaintiff. Scott L. Whitman, of counsel.

William K. Drew, Washington, D.C., with whom was Acting Asst. Atty. Gen. Roger M. Olsen, for defendant.

## OPINION

MARGOLIS, Judge.

The plaintiff, Franz Elmar Bader, brought this action to recover $7,326.79 which includes the amount collected in a levy against his bank account plus interest and attorneys' fees. The defendant has moved to dismiss and alternatively for summary judgment, and the plaintiff has opposed both motions. After hearing oral argument and considering the entire record, the court grants the defendant's motion to dismiss.

## FACTS

On June 18, 1980 and January 29, 1982, the Internal Revenue Service (IRS) assessed delinquency penalties for the untimely filing of Form 1065 Partnership Information Returns in the amounts of $2,400 and $4,000 respectively, against Fort Knox Gold Guild, a partnership comprised of the plaintiff and other individuals. On May 26, 1982, the IRS levied upon the plaintiff's bank account and received $4,330.73. The levy was executed to collect the delinquency penalties assessed against Fort Knox Gold Guild for calendar years 1979 and 1980. On May 3, 1985, the plaintiff filed a complaint in this court seeking

to recover the amount collected in the levy against his bank account plus interest and attorneys' fees. The defendant has moved to dismiss the action on the ground that the claim is untimely under Sections 7426 and 6532(c) of the Internal Revenue Code of 1954 (26 U.S.C.).[1]

## DISCUSSION

Section 7426(a)(1) provides:

If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States[2] ....

Section 6532(c) limits the period in which such a suit may be brought to nine months from the date of the levy. If this suit is an action for wrongful levy, as the defendant contends, then the plaintiff's claim for return of the funds levied from his bank account would be time-barred since it was filed more than nine months after the date of the levy.

The plaintiff contends, however, that this suit is not an action for wrongful levy but rather an action to recover taxes and penalties wrongfully assessed and collected from him personally pursuant to Section 7422. If this suit is an action for a refund, and not one for wrongful levy, the plaintiff's claim would not be time-barred.

Section 7422 provides for the recovery of any tax erroneously or illegally assessed or collected. This court has held that only actual taxpayers who have overpaid their taxes may seek a refund while persons who are not taxpayers must seek alternative forms of relief. *Economy Plumbing and Heating Co. v. United States*, 200 Ct.Cl. 31, 37, 470 F.2d 585, 589 (1972).

In support of his position, the plaintiff claims that the IRS assessed the delinquency penalties against him and other individuals doing business as Fort Knox Gold Guild. Plaintiff also alleges that the certificates of assessment and payments and the notice of levy specifically identify him as one of the taxpayers against whom the delinquency penalties were assessed. Therefore, the plaintiff maintains that he is a taxpayer entitled to bring an action for a refund under Section 7422.

But the plaintiff is not a taxpayer for purposes of maintaining an action for refund because the delinquency penalties involved in this case were assessed under Section 6698. Section 6698 provides that if any partnership fails to file a partnership return as prescribed, there shall be a penalty assessed against the *partnership*. While the plaintiff may be financially responsible for the partnership under Section 701, the partnership is the taxpayer with respect to Section 6698 delinquency penalties. Furthermore, the notice of levy shows the taxpayer as Fort Knox Gold Guild with its identification number.

The court has considered the plaintiff's claim of equitable estoppel against the defendant and finds it inapplicable.

## CONCLUSION

Since an action to recover wrongfully assessed and collected taxes and penalties may only be maintained by taxpayers, and the plaintiff fails to qualify as a taxpayer in this proceeding, the plaintiff's claim cannot be viewed as a suit for a refund of taxes. Rather, plaintiff's claim must be characterized as a suit for a wrongful levy. As an action for a wrongful levy, the plaintiff's claim, filed about 36 months after the date of the levy, is time-barred under Sections 7426 and 6532(c). Accordingly, the defendant's motion to dismiss is granted. The clerk will dismiss the complaint. No costs.

1. All statutory references are to the Internal Revenue Code of 1954 (26 U.S.C.), as amended.

2. In *Gordon v. United States,* 227 Ct.Cl. 328, 329, 649 F.2d 837 (1981), the court held that wrongful levy actions could also be brought in the Court of Claims under 28 U.S.C. § 1491.