Haywood WILLIAMS, Jr., Individually, and as Stockholder, and as President of Mr. Tux, Inc., a defunct incorporation

v.

The UNITED STATES.

No. 419–85T.

United States Claims Court.

Oct. 31, 1986.

Haywood Williams, Jr., Leavenworth, Kan., pro se.

Jay G. Philpott, Jr., Washington, D.C., with whom was Asst. Atty. Gen. Roger M. Olsen, for defendant.

## OPINION

MARGOLIS, Judge.

*Pro se* plaintiff, Haywood Williams, Jr., brought this action to recover $2,499.39 which includes the amount collected in a levy against Calvin Zedd Auctioneers, Inc. for Federal Insurance Contributions Act (FICA) and Federal Unemployment Tax Act (FUTA) taxes assessed against Mr. Tux, Inc., the plaintiff's former business, plus interest, attorney's fees, and costs. The defendant has moved to dismiss the complaint. The plaintiff has opposed the motion and, in the alternative, has moved that the court transfer the case to the United States District Court for the District of Columbia. The plaintiff has also moved for the appointment of a guardian ad litem. After considering the entire record and without oral argument, the court grants the defendant's motion to dismiss, and denies both the plaintiff's motion to transfer the case to the district court

and the motion to appoint a guardian ad litem.

## FACTS

The plaintiff was stockholder and president of Mr. Tux, Inc. (Mr. Tux). The plaintiff alleges in his complaint that on July 1, 1979 he served on Mr. Tux a written demand for $10,000 owed to him for cash borrowed to purchase merchandise. On September 1, 1979, Mr. Tux became insolvent and terminated its business. Subsequently, Calvin Zedd Auctioneers, Inc. (Calvin Zedd) held a public auction and liquidated the assets of Mr. Tux.

On April 25, 1980, the Internal Revenue Service (IRS) executed a levy against Calvin Zedd for the payment of assessed FICA taxes for the quarters ended September 30, 1978, December 31, 1978, and March 31, 1979 and FUTA taxes for the year 1978 in the total amount of $2,499.39 owed by Mr. Tux. On July 19, 1985, the plaintiff filed a complaint in this court seeking to recover the amount collected in the levy against Calvin Zedd, plus interest, attorney's fees, and costs. This case is before the court on the defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a cause of action upon which relief can be granted.

## DISCUSSION

### I. *Motion to Dismiss*

The plaintiff seeks to recover taxes unlawfully collected by the IRS in its levy against Calvin Zedd. The plaintiff asserts that the IRS has a duty to serve a written demand for payment and provide service of process on Mr. Tux, its officers, or registered agent, including information concerning any available administrative remedies and applicable regulations, and that it failed to do so in this case. Mindful that federal courts should construe pleadings liberally in *pro se* actions, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594,

595–96, 30 L.Ed.2d 652 (1972), the court will also consider whether the plaintiff's assertions can be characterized as either an action for wrongful levy, 26 U.S.C. § 7426, or an action for refund of taxes overpaid, 26 U.S.C. § 7422(a).

### A. *Action for Alleged Failure to Demand Payment and Serve Notice*

Pursuant to section 6303 of the Internal Revenue Code of 1954 (26 U.S.C.),[1] the IRS has a statutory duty to provide notice to and demand payment of the taxpayer for taxes assessed. 26 U.S.C. § 6303(a). Neglect or refusal to pay on demand may result in a levy on the taxpayer's property. 26 U.S.C. §§ 6331(a), 6321. The IRS must generally give the taxpayer notice of its intent to levy in writing ten days before the date of levy. 26 U.S.C. § 6331(d). The validity of the levy procedure is well established. *See, e.g., Phillips v. Commissioner*, 283 U.S. 589, 595, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931) (right of United States to collect its taxes through summary administrative proceedings has long been settled).

■ The plaintiff here is not the proper party to bring an action for the IRS's alleged failure to demand payment and notify of levy; such duty runs only to the taxpayer, Mr. Tux. The plaintiff is merely an interested third party. There is no duty to give notice of levy to a third party. *Expoimpe v. United States*, 609 F.Supp. 1098, 1101 (S.D.Fla.1985) (wrongful levy action where Panamanian corporation sued to recover money levied by IRS from bank account); *DeGregory v. United States*, 395 F.Supp. 171, 174 (E.D.Mich.1975) (wrongful levy action where subcontractor's funds in trust with general contractor were levied); *American Honda Motor Co. v. United States*, 363 F.Supp. 988, 991 (S.D.N.Y.1973) ("IRS has no duty to notify creditors, qua creditors, of a levy.")

■ As a non-lawyer, the plaintiff is not permitted to represent Mr. Tux in this

---

**1.** All references to the United States Code are to the Internal Revenue Code of 1954 (26 U.S.C.), as amended, unless otherwise noted.

court; a corporation must be represented by counsel before the Claims Court. RUSCC 81(d)(7); *Whited Company, Inc. v. United States,* 229 Ct.Cl. 623, 624 (1981); *S.R. Weinstock and Associates, Inc. v. United States,* 223 Ct.Cl. 677, 679–80, 650 F.2d 286 (1980); *Algonac Manufacturing Co. v. United States,* 198 Ct.Cl. 258, 260–61, 458 F.2d 1373, 1375 (1972).

IRS has a duty to provide notice and demand only to the taxpayer; it has no duty to provide notice and demand to the plaintiff, even as president and stockholder of Mr. Tux. The plaintiff may not represent the taxpayer corporation before this court. Therefore, under this theory the plaintiff has failed to state a claim upon which relief can be granted.

### B. *Action for Wrongful Levy*

■ The plaintiff's complaint could be construed to assert a cause of action for wrongful levy. "The exclusive remedy for a third party who claims an interest in property that has been levied by the United States is an action for wrongful levy pursuant to 26 U.S.C. § 7426." *Expoimpe,* 609 F.Supp. at 1100. Section 7426(a) waives sovereign immunity by permitting such third parties to sue in federal district court.[2]

Even if characterized as an action for wrongful levy, the suit is time-barred. Section 6532(c)(1) provides that "no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy...." *See Dieckmann v. United States,* 550 F.2d 622, 623–24 (10th Cir.1977) (wrongful levy action time-barred where filed 14 months after the date of levy); *Bader v. United States,* 10 Cl.Ct. 78, 79 (1986) (wrongful levy action time-barred where filed 36 months after the date of levy). Moreover, "[t]he nine-month period begins on the date when the notice of a levy is served upon the person in possession of the taxpayer's property,

not when a creditor of the taxpayer receives notice of the levy." *American Honda Motor Co.,* 363 F.Supp. at 992.

The plaintiff argues that his mental incompetency should toll the running of the statute of limitations. Although a legal disability will toll this court's six-year statute of limitations, 28 U.S.C. § 2501, the plaintiff's action is controlled by the nine-month statute of limitations contained in 26 U.S.C. § 6532(c)(1). The court has found no cases where the statute of limitations in section 6532(c)(1) has been tolled for mental incompetency. Where the government has given its consent to be sued, the terms of that consent define the court's jurisdiction and must be strictly interpreted. *United States v. Sherwood,* 312 U.S. 584, 586, 590, 61 S.Ct. 767, 769, 771, 85 L.Ed.2d 1058 (1941). Therefore, this court will not expand the time which the plaintiff had to bring suit for wrongful levy under section 7426(a).

Because the plaintiff's complaint was filed more than five years after the date of levy, the suit is time-barred. The court, therefore, lacks subject matter jurisdiction under this theory.

### C. *Action for Refund of Taxes Overpaid*

■ The plaintiff's complaint could be construed to assert a cause of action for refund of taxes overpaid. As previously discussed, however, the plaintiff here is not the taxpayer. Only taxpayers may seek a refund for taxes overpaid, while a third party must seek some alternative form of relief. *Economy Plumbing & Heating Co. v. United States,* 200 Ct.Cl. 31, 37, 470 F.2d 585, 589 (1972).

■ Moreover, an administrative claim must be filed before a suit seeking a refund may be brought in any court. 26 U.S.C. § 7422(a). Failure to plead and demonstrate that a timely administrative claim has been filed,[3] even in *pro se* ac-

---

2. Third-party wrongful levy actions may also be brought in the Claims Court under the Tucker Act, 28 U.S.C. § 1491. *Gordon v. United States,* 227 Ct.Cl. 328, 338, 649 F.2d 837, 843 (1981).

3. Section 6511(a) requires that a "[c]laim for credit or refund of an overpayment ... shall be filed ... within 2 years from the time the tax was paid...." 26 U.S.C. § 6511(a).

tions, wrests jurisdiction from this court. *Wozniak v. United States*, 219 Ct.Cl. 580, 581, 618 F.2d 119 (1979); *Walsh v. United States*, 3 Cl.Ct. 539, 541 (1983). *See* RUSCC 9(h)(6). The plaintiff has not provided the court with any indication that a claim for refund has ever been filed with the IRS.

Because the plaintiff is not the taxpayer, and a claim for refund has not been filed, the court lacks subject matter jurisdiction under this theory.

## II. *Motion to Transfer to the District Court*

The plaintiff moves alternatively that the action should be transferred to the United States District Court for the District of Columbia if this court determines that it has no jurisdiction. Transfer of the action to the district court is possible if it is in the interest of justice to do so and if the case could have been brought in the district court originally. 28 U.S.C. § 1631. The plaintiff would suffer from the same jurisdictional defects in the district court as he does here; it would thus not be in the interest of justice to transfer this case. Therefore, the plaintiff's motion to transfer the suit to the district court is denied.

## III. *Motion for the Appointment of a Guardian Ad Litem*

■ The plaintiff also moves that the court appoint a guardian ad litem to represent him in the instant case. The rules of the Claims Court, however, in stark contrast to the Federal Rules of Civil Procedure, do not provide for the appointment of a guardian ad litem. *Compare* RUSCC 17(c) *with* Fed.R.Civ.P. 17(c). The plaintiff, who has been assisted in preparing his case, has adequately framed the issues before the court. Because the interests of the plaintiff can be protected by the court, the plaintiff's motion to appoint a guardian ad litem is denied.

## CONCLUSION

The plaintiff fails to state a claim upon which relief can be granted in seeking to recover for the IRS's alleged failure to serve proper notice and demand. The court lacks subject matter jurisdiction where the plaintiff's assertions are characterized as either an action for wrongful levy or for refund of taxes overpaid. Therefore, the court grants the defendant's motion to dismiss. The court denies the plaintiff's motion to transfer the case to the district court and denies the motion for the appointment of a guardian ad litem. The clerk will dismiss the complaint. Each party shall bear its own costs.