The **DOCUMENT MANAGEMENT GROUP, INC., Plaintiff,**

v.

The **UNITED STATES, Defendant.**

No. 639–85T.

United States Claims Court.

Jan. 15, 1987.

Myron S. Schulman, New York City, for plaintiff.

David C. Hickman, with whom was Asst. Atty. Gen. Roger M. Olsen, Washington, D.C., for defendant. Gerald B. Leedom and Mildred L. Seidman, of counsel.

## ORDER

SMITH, Chief Judge.

Plaintiff, The Document Management Group. Inc., brings this tax refund suit to recover money paid by plaintiff as a result of the Internal Revenue Service's assessment of tax liability and subsequent levy of plaintiff's bank account. Defendant filed its Motion to Dismiss the complaint on the ground that it is barred by the Statute of Limitations. After consideration of the record and oral argument, the court grants the defendant's Motion to Dismiss with respect to a portion of plaintiff's claim and denies the remainder of defendant's motion for the reasons set forth below.

### Facts

On July 17, 1978, the Internal Revenue Service (the "IRS") assessed a tax liability against a corporation called Paper Flow, Inc. ("Paper Flow"). This corporation was unable to pay these taxes and ceased operations shortly thereafter.

The IRS then began serving levy notices on various banks in which the IRS believed Paper Flow had funds. Then, on or about April 3, 1980, the IRS levied plaintiff's account on the belief that plaintiff was the transferee of Paper Flow. The levied account contained approximately $1,867.37. It was plaintiff's only bank account and the depository of plaintiff's operating funds. Besides attaching the $1,867.37, the levy had the additional effect of preventing plaintiff from meeting its weekly payroll.

Immediately following the levy, plaintiff began negotiations with the IRS in order to release the bank account and its funds. During these discussions, it is alleged that the IRS falsely told plaintiff that its levy was proper and that plaintiff was legally responsible for Paper Flow's uncollected

tax liability. Plaintiff, acting at the behest of the IRS, entered into an installment agreement on May 27, 1980 to pay the remainder of Paper Flow's uncollected taxes.

Around June 1, 1982, the IRS contacted plaintiff again to demand more funds for additional uncollected taxes accrued by Paper Flow. This time, however, the IRS dropped its demand after it discovered that its original investigation was incorrect in concluding that plaintiff had been Paper Flow's transferee.

Based upon this IRS investigation, plaintiff requested a refund of all monies that had been paid pursuant to the agreement with the IRS. The request was made on August 9, 1982, and it was rejected by the IRS in a letter dated January 10, 1984.

On October 28, 1985, approximately one year and nine months later, plaintiff filed suit in this court requesting $24,000 plus lost interest. It is this period of delay plus the period dating back to the agreement of 1980 that is the basis for defendant's Motion to Dismiss.

## Discussion

*Plaintiff is a Nontaxpayer*

■ In determining the applicable statute of limitations in a tax refund action, the court must first decide whether the claimant is a "taxpayer" or a "nontaxpayer" within the meaning of I.R.C. § 7701(a)(14) (1982). If the claimant is a "taxpayer", this court has the power to review under I.R.C. § 7422(a) (1982). This jurisdiction provides a taxpayer claimant with a two year period in which to file suit starting from the date that the IRS sends its notice of disallowance. I.R.C. § 6532(a) (1982). In this case, plaintiff delayed only one year and nine months. Thus, plaintiff's claim is timely under I.R.C. § 7422(a).

■ While the circuit courts are divided as to whether a party seeking a refund for taxes paid on behalf of another is a "tax-

payer," [1] our predecessor court is not. It has consistently held that third parties, such as plaintiff, are not "taxpayers" and cannot avail themselves of I.R.C. § 7422(a) jurisdiction. *E.g., Collins v. United States*, 209 Ct.Cl. 413, 419, 532 F.2d 1344, 1347 n. 2 (1976); *Economy Plumbing and Heating Co. v. United States*, 200 Ct.Cl. 31, 37, 470 F.2d 585, 588–89 (1972). This court has also so held. *Bader v. United States*, 10 Cl.Ct. 78, 79 (1986) ("only actual taxpayers who overpaid their [own] taxes may seek a refund while persons who are not taxpayers must seek alternative forms of relief").

■ Even though plaintiff cannot obtain relief under I.R.C. § 7422(a) as a "taxpayer," alternative forms of relief are available to him as a "nontaxpayer." While this Court does not have the power to grant relief under I.R.C. § 7426(a)(1) (1982), the court does have its own form of judicial relief under implied-in-fact contract jurisdiction. *See Kirkendall v. United States*, 90 Ct.Cl. 606, 613–14, 31 F.Supp. 766, 769–70 (1940); 28 U.S.C. § 1491(a)(1) (1982).

*Implied-in-fact contract jurisdiction*

Although defendant concedes that a "nontaxpayer" can obtain implied-in-fact contract jurisdiction in certain circumstances, defendant objects to such jurisdiction in the present case. First, defendant states that this jurisdiction was not the one on which plaintiff relied in his complaint. Second, defendant contends that plaintiff's actions were voluntary and not under duress, and, thus, not within the *Kirkendall* rationale.

### Plaintiff's Complaint

■ It is correct to state that plaintiff can only assert the jurisdiction upon which it originally relied. RUSCC 8(a)(1); *accord e.g., DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1262 n. 1 (5th Cir.1983) (FED.R. CIV.P. 8(a)(1) prevents plaintiff from as-

---

**1.** *Compare e.g., De Niro v. United States*, 561 F.2d 653, 656 (6th Cir.1977) (a third-party taxpayer is a taxpayer under I.R.C. § 7701(a)(14) because he is the one subject to tax) *with e.g.,*

*Busse v. United States*, 542 F.2d 421, 425 (7th Cir.1976) (a person satisfying the taxes of another is not a taxpayer under I.R.C. § 7422(a)).

serting maritime jurisdiction in a later motion where maritime jurisdiction was not asserted in his complaint). However, plaintiff did assert 28 U.S.C. § 1491(a)(1) jurisdiction as it was required to do. The only problem with plaintiff's complaint was that it mischaracterized 28 U.S.C. § 1491(a)(1) as a tax refund action rather than as an implied-in-fact contract action. Therefore, if there is any jurisdictional basis which should be dismissed because of RUSCC 8(a)(1), it is plaintiff's reliance on I.R.C. § 7422(a) tax refund jurisdiction and not plaintiff's reliance on 28 U.S.C. § 1491(a)(1).

### Voluntariness

■ Defendant also seeks to deny this court's use of implied-in-fact contract jurisdiction on the grounds that plaintiff voluntarily made payments to the IRS. Specifically, in order to obtain judicial relief under 28 U.S.C. § 1491(a)(1), plaintiff's payment of funds must have been involuntary or made under duress. *E.g.*, *McGraw-Hill, Inc. v. United States*, 224 Ct.Cl. 354, 361, 623 F.2d 700, 703 (1980) (per curiam); *Collins v. United States*, 209 Ct.Cl. 413, 419–20, 532 F.2d 1344, 1348–49 (1976). In deciding defendant's motion to dismiss, all of the plaintiff's findings of uncontroverted fact are assumed to be true. RUSCC 56(d). These findings include plaintiff's assertion of involuntariness and duress. Accordingly, plaintiff's assertion must stand where, as here, defendant merely alleges that payments were voluntary but fails to submit any evidence or affidavits in support. *Wilson Corp. v. United States*, 4 Cl.Ct. 171, 175 (1983) (formal denials or general allegations without precise and detailed facts are insufficient to controvert); *Ables v. United States*, 2 Cl.Ct. 494, 504 (1983) (mere allegations or denials will not suffice to controvert without some specific facts), *aff'd mem.*, 732 F.2d 166 (Fed.Cir.1984).

### Proper Statute of Limitations

Having determined that plaintiff is a "nontaxpayer" which can bring suit under implied-in-fact contract jurisdiction, the court must now determine the applicable statute of limitations. It must decide whether to apply the six year limit under 28 U.S.C. § 2501 (1982) or the nine month limit under the decision of *Gordon v. United States*, 227 Ct.Cl. 328, 649 F.2d 837 (1981). There is a six-year limit in which to make a claim under 28 U.S.C. § 1491(a)(1) and this period begins when the claim first accrues. *See* 28 U.S.C. § 2501. If this limit applies, defendant's motion must be denied.

There is a judicial exception to the six-year limit in U.S.C. § 1491(a)(1). In *Gordon*, the Court of Claims stated that third party implied-in-fact contract levy contests are guided by the same concerns as those third party levies under I.R.C. 7426 § (a)(1) in the district courts. 227 Ct.Cl. at 338–39, 649 F.2d at 843–44. It then held that the time limit allowable under I.R.C. § 7426(a)(1) should prevail. This limit allows a delay of only nine months and begins tolling after the imposition of a levy or the making of an agreement to distribute the levied proceeds. *See* I.R.C. § 6532(c) (1982); I.R.C. § 7426(a)(1). Plaintiff's delay amounted to nearly six years; a delay which would clearly not be allowable if the *Gordon* rule were applicable in this case.

### The Gordon Rule

■ The *Gordon* court's rule is only partially applicable in the present circumstances. *Gordon v. United States* concerned an actual levy. This is an action which could be pursued under both I.R.C. § 7426(a)(1) in a district court and 28 U.S.C. § 1491(a)(1) in the Claims Court. Thus, the $1,867.37 actually levied by the government in April of 1980 falls squarely within the *Gordon* decision. With respect to the additional $22,132.63 claimed, a different factual situation exists.

■ Levy relief in District Court is not always parallel to implied-in-fact contract relief under *Kirkendall v. United States* and its progeny. I.R.C. § 7426(a)(1) is only applicable to three situations: (1) where a person is wrongfully levied to satisfy the taxes of another; (2) where a person has a junior interest in a levied property and the

government obtains surplus proceeds from the property's sale; and (3) where a person is wrongfully levied in order to pay the taxes of another and the property is then sold. *See generally* S.REP. NO. 1708, 89th Cong., 2d Sess., *reprinted* in 1966 U.S. CODE CONG. & ADMIN.NEWS 3750. As for implied-in-fact contract jurisdiction, it is broader in scope than I.R.C. § 7426(a)(1). Implied-in-fact contract jurisdiction provides relief where a third party is levied, *Kirkendall v. United States*, 90 Ct.Cl. at 613, 31 F.2d at 769 (a nontaxpayer has implied-in-fact contract jurisdiction in order to retrieve levied funds), or even where the third party makes an agreement in order to either remove the threat of a levy or retrieve levied property. *Collins v. United States*, 209 Ct.Cl. at 420, 532 F.2d at 1348 if a nontaxpayer makes payments under duress to remove the threat of a levy, there is implied-in-fact contract jurisdiction. Therefore, an agreement not to levy is not a proper basis for I.R.C. § 7426(a)(1) relief.

■ The $22,132.63 out of the $24,000.00 total claimed by the taxpayer is within an area not dealt with by the *Gordon* court. The *Gordon* court applied the nine-month limit under I.R.C. § 6532(c) (1982) to an implied-in-fact contract remedy where it overlapped with the nontaxpayer remedy provided under I.R.C. § 7426(a)(1). Here, no overlap between the implied-in-fact contract remedy and nontaxpayer remedy exists. Plaintiff taxpayer made his payments in pursuance of an agreement to remove an actual levy on his operational account and to remove the threat of possible future levies. Sums paid by a third-party taxpayer in accordance with such agreements can only be remedied under implied-in-fact contract relief and not under I.R.C. § 7426(a)(1) nontaxpayer relief as this Court has noted above. *Compare Collins with Nickerson v. United States*, 513 F.2d 31, 22 (1st Cir.1975) (per curiam) (I.R.C. § 7426(a)(1) does not provide jurisdiction where plaintiff made payments in return for the removal of a levy).

The policy considerations of this case are also different than those which existed in *Gordon*. In *Gordon*, the Court was concerned that "[t]he problems of administration become inordinately more complex after a levy is set aside, for the Government must begin anew to collect the delinquent tax. Physical collection becomes far less likely, as taxpayers may have disappeared or disposed of their assets in the intervening period." *Gordon v. United States*, 227 Ct.Cl. at 338–39, 649 F.2d at 843. Although it is true that the problem of physical collection exists in a levy agreement situation, it is equally true that it is strongly in the Government's as well as the taxpayer's interest to promote compromise and prevent suit before all administrative remedies have been exhausted.

■ While waivers of sovereign immunity, such as 28 U.S.C. § 1491(a)(1), must be strictly construed, they must be fairly construed as well. *Accord, Gregory Lumber Co. v. United States*, 9 Cl.Ct. 503, 525 (1986) (the court allowing 28 U.S.C. § 1491(a)(1) jurisdiction for a tortious breach of contract).

There is no reason to distinguish plaintiff's express agreement from other implied-in-fact contracts simply because it was motivated by the threat of levy. *Ralston Steel Corp. v. United States*, 169 Ct.Cl. 119, 126–27, 340 F.2d 663, 665–66 (1965) (agreement to pay taxes in order to remove a threat of levy was an implied-in-fact contract), *cert. denied*, 381 U.S. 950, 85 S.Ct. 1803, 14 L.Ed.2d 723 (1965). In fact, there are good reasons to distinguish a levy from an allegedly coercive agreement in lieu of a levy. A levy brings with it the full power of the government. It is a natural point at which to invoke the protections of due process. Beyond a relatively short period it is thus reasonable to infer waiver of rights or acquiescence by the person whose property is levied.

This situation is not so with an allegedly coercive agreement. The very vice of the coercion is that the coerced's ability to enforce its rights is hindered. Thus, it would be unreasonable to assume that Congress intended that the victim of an improper agreement should take action the moment

the agreement is signed. The very forces that caused the improper agreement would likely prevent the immediate recourse to a legal remedy. Only when the effect of the duress is reduced is it fair to require the assertion of rights. These reasons argue that this case presents a different problem from *Gordon,* and, hence, requires a different solution.

### Conclusion

Accordingly, the six-year limit does apply to the amount plaintiff is claiming under the remaining $22,132.63, plus its lost interest and plaintiff may attempt to reclaim these funds if it can prove its allegations on the merits.

Therefore, defendant's Motion to Dismiss is granted with respect to the $1,867.37 claim, and denied on the remaining $22,132.63 portion of plaintiff's claim.

No costs.