NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CEDRIC GREENE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-1613

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01754-TMD, Judge Thompson M. Dietz.

---

Decided: August 11, 2023

---

CEDRIC GREENE, Los Angeles, CA, pro se.

KELLY GEDDES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before LOURIE, PROST, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Cedric Greene appeals from a decision of the United States Court of Federal Claims (the "Claims Court") dismissing his complaint for lack of subject matter jurisdiction. *See Greene v. United States*, No. 22-1754, 2023 WL 2134358 (Fed. Cl. Feb. 21, 2023) ("*Decision*"). For the reasons detailed below, we *affirm* the Claims Court's decision.

## BACKGROUND

In 2019, Greene, a California resident, received a letter from the office of Senator Dianne Feinstein stating that her office was assigned "to address [Greene's] subsidy housing concerns." *Greene v. United States*, Fed. Cl. No. 22-1754, ECF No. 1 at 1 ("*Complaint*"). To assist Greene, the caseworker assigned to his case contacted an unspecified government housing agency on his behalf. *Id.* According to Greene, Senator Feinstein's staff promised that they "would do all they could to help him." *Id.* However, after contacting the housing agency, they allegedly failed to respond to Greene's numerous emails following up on the status of his case. *Id.* Greene allegedly did not receive a response from Senator Feinstein's office until after he and his spouse had been evicted from their residence. *Id.* at 1–2.

Greene then filed suit in the Claims Court alleging that the failure of Senator Feinstein's staff to provide him with the housing agency's response prevented him from adequately defending himself during his eviction proceedings. *Id.* Greene further argued that, in failing to provide him with the housing agency's response, the caseworker committed "[g]ross [n]eglect in the most careless fashion." *Id.* at 3. Lastly, Greene argued that the government breached a contract between it and himself when the Senator's office failed to provide Greene with a timely response. He sought

money damages as well as the reinstatement of his housing subsidy benefits. *Id.*

The Claims Court first held that it did not have jurisdiction over a case where relief was being sought against a defendant other than the United States. *Decision* at \*2. Therefore, it could not entertain Greene's claims against Senator Feinstein's individual caseworker. *Id.* The court then held that even if Greene had directed his claims at the United States itself, rather than the individual caseworker, his claims still fell outside the court's jurisdiction because his claims were categorized as tort claims. *Id.* at \*3 (citing 28 U.S.C. § 1491(a)(1) (stating that the Claims Court's jurisdiction is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases *not sounding in tort*." (emphasis added))). The court went on to hold that it lacked jurisdiction over Greene's Due Process claims that a government actor prevented him from adequately defending himself during his eviction proceedings because these claims could not mandate payment of money by the government. *Id.*

Lastly, regarding Greene's breach of contract claim, the Claims Court found that Greene failed to sufficiently plead the existence of a contract and instead made only threadbare conclusory statements that a contract existed, and that the government breached that contract. *Id.* Because Greene did not allege the elements of a contract, nor did he allege that the caseworker had the authority to bind the government in a contract, the court dismissed Greene's complaint for lack of subject matter jurisdiction. *Id.* (citing *Perry v. United States*, 149 Fed. Cl. 1, 12 (2020) ("A non-frivolous allegation that a contract exists between a plaintiff and the United States is sufficient to invoke the subject matter jurisdiction of the Claims Court, but dismissal may be proper for lack of subject matter jurisdiction if the claim

is wholly insubstantial and frivolous.") (quoting *Ibrahim v. United States*, 799 F. App'x 865, 867 (Fed. Cir. 2020))). Greene then timely appealed the Claims Court's decision to this court.

## DISCUSSION

On appeal, Greene argues that he alleged "a contract breach that could have invoked the [Claims Court's] jurisdiction." Appellant's Informal Br. at 1. He adds that even if his complaint contained jurisdictional defects, these could have been cured by amendment. *Id.* at 1–2.

The government responds that the Claims Court fully considered Greene's breach of contract claim and correctly held that Greene failed to sufficiently plead the existence of a contract. Appellee's Informal Br. at 4. Regarding the possibility of amendment, the government points out that Greene never moved to amend his complaint, and even if he had moved to amend, it would have been futile due to the lack of an express or implied contract. *Id.* at 5–6.

Because jurisdictional issues are questions of law, we review them *de novo*. *See Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citation omitted). In doing so, we review any underlying findings of fact for clear error. *See Banks v. United States*, 314 F.3d 1304, 1307–08 (Fed. Cir. 2003) (citation omitted). In addition, where the trial court's subject matter jurisdiction is placed into issue, the nonmoving party bears the burden of establishing jurisdiction. *See Alder Terrace*, 161 F.3d at 1377 (citation omitted).

Although *pro se* plaintiffs are given some latitude in their pleadings and are not held to rigid standards or formalities imposed upon parties represented by counsel, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted), a *pro se* plaintiff must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983) (citing *Faretta v.*

*California*, 422 U.S. 806, 835 n.46 (1975)). Thus, the leniency afforded to *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements. *See Kelley v. Sec'y, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

We agree with the government that the Claims Court lacked jurisdiction to hear Greene's case and properly dismissed his breach of contract claim. The requirements for a valid contract with the United States are "mutual intent to contract including an offer and acceptance, consideration, and a [g]overnment representative who had actual authority to bind the [g]overnment." *Silver State Land LLC v. United States*, 148 Fed. Cl. 217, 234 (2020) (quoting *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1326 (Fed. Cir. 1997)). Here, Greene made no direct mention of a contract in his complaint and made only conclusory statements that a contract existed in his pleadings. Furthermore, Greene did not allege that the caseworker assigned to help him had the actual authority to enter a contract on behalf of the government. Lastly, there could not have been a contract because there was no consideration. We therefore conclude that the Claims Court properly held that Greene failed to plead the existence of a contract.

To the extent that Greene requested a remand of his case so that he can amend his complaint, we reject such a request. Greene never moved to amend his complaint before the Claims Court, and even if he had requested to amend his complaint, such amendment would have been futile due to the nature of Greene's allegations. Greene never claimed that there was an agreement with the caseworker that would satisfy the elements of a contract. Thus, an amendment would still not place Greene's complaint within the Claims Court's jurisdiction.

6                                                    GREENE v. US

CONCLUSION

We have considered Greene's remaining arguments, but we find them unpersuasive. Accordingly, the decision of the Claims Court is *affirmed*.

**AFFIRMED**

COSTS

No costs.