**Ellen–Marie ARTUSO, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 07–699T.

United States Court of Federal Claims.

Jan. 31, 2008.

Ellen–Marie Artuso, pro se, Margate, FL.

Karen M. Groen, Tax Division, U.S. Department of Justice, Washington, D.C. for defendant. With her on the briefs were Richard T. Morrison, Acting Assistant Attorney General, David Gustafson, Chief, and Stephen I. Frahm, Assistant Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

In this tax refund case, the government has filed motions for a more definite statement and for a partial dismissal of the Complaint filed by plaintiff, Ms. Ellen–Marie Artuso. The government asks for orders directing Ms. Artuso to plead the special matters required by the Rules of the Court of Federal Claims ("RCFC") in tax refund cases and dismissing for lack of jurisdiction the portions of plaintiff's complaint that do not relate to a refund of taxes. The motions have been fully briefed by the parties, and oral argument is deemed unnecessary. For the reasons stated, both of the government's motions are granted.

## BACKGROUND

Ms. Artuso's complaint focuses on a tax refund claim. *See* Compl. at 1 ("The alleged tax ... is disputed."). Ms. Artuso alleges that she is entitled to the return of income tax withheld from her wages, that there has been an unlawful levy against her assets, and that there has been an unlawful confiscation of $8,153.06 in taxes from her. Compl. at 34–35, 38, 46. Notably, however, Ms. Artuso did not allege that she filed refund claims with the Internal Revenue Service, nor did she specify the date and place where such claims were filed. Moreover, she did not attach a copy of such an administrative claim for refund to her complaint.

## ANALYSIS

### A. Motion for More Definite Statement

RCFC 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." The government invokes RCFC 12(e) in asking for an

order directing Ms. Artuso to provide a more definite statement with respect to the allegations contained in her complaint, and it supports that request by noting that Ms. Artuso omitted from her complaint the special matters required to be included by RCFC 9(h)(6). RCFC 9(h) specifies special matters that are required to be set out in a complaint, and one of those matters pertains to tax refund suits. In pertinent part, the rule provides that the complaint shall include

> [i]n any action for refund of federal tax, for each tax year or period for which a refund is sought, the amount, date, and place of each payment to be refunded; the date and place the return, if any, was filed; the name, address, and identification number of the taxpayer or taxpayers appearing on the tax return; the date and place the claim for refund was filed; and the identification number for each plaintiff, if different from the identification number of the taxpayer. A copy of the claim for refund shall be annexed to the complaint.

RCFC 9(h)(6). The government avers that Ms. Artuso's omissions "prevent the [g]overnment from understanding critical elements of her suit, preparing an appropriate re[sponse], and even determining whether jurisdiction exists." Def.'s Mot. for More Definite Statement at 1.

RCFC 9(h)(6) requires that pleadings set out matters in tax refund suits that bear on this court's authority to hear such cases. The Tucker Act, 28 U.S.C. § 1491, is the jurisdictional predicate for tax refund cases brought before this court, but the Act itself does not provide a substantive right of recovery against the United States. The statute confers jurisdiction only where the plaintiff identifies an accompanying substantive claim that " 'can fairly be interpreted as mandating compensation by the [f]ederal [g]overnment for the damages sustained.' " *United States v. Mitchell*, 463 U.S. 206, 217, 103 S.Ct. 2961,

77 L.Ed.2d 580 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976)); *see also United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473, 123 S.Ct. 1126, 155 L.Ed.2d 40 (2003) ("[A] fair inference will do."). A tax refund claim, with very few exceptions, is the only type of tax dispute over which this court has jurisdiction. *See New York Life Ins. Co. v. United States*, 118 F.3d 1553, 1558 (Fed. Cir.1997) (addressing the jurisdiction of the Court of Federal Claims over a suit to recover a deposit made to cover taxes expected to accrue in the future rather than a tax payment); *Wozniak v. United States*, 219 Ct.Cl. 580, 618 F.2d 119 (1979) (table, text in Westlaw) (a timely administrative claim for refund of taxes fully paid is a predicate to invocation of the court's jurisdiction).[1]

A refund suit is exactly what the descriptive term implies. Under the "full payment rule" a plaintiff must have fully paid the tax, penalties, and interest at issue. *See Tonasket v. United States*, 218 Ct.Cl. 709, 711–12, 590 F.2d 343 (1978) (table) (full-payment rule applies to tax refund suits in Court of Claims under 28 U.S.C. § 1491); *see also Flora v. United States*, 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (same rule for tax claims brought before district courts under 28 U.S.C. § 1346(a)(1)); *Shore v. United States*, 9 F.3d 1524, 1526 (Fed.Cir.1993) (holding that full-payment rule for tax refund claim does not require prepayment of interest and penalties when taxpayer only disputes tax assessment). A plaintiff must also have filed a claim for a refund with the IRS for the amount of tax at issue. *See* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ..., until a claim for refund or credit has been duly filed with the Secretary."). Compliance with RCFC 9(h)(6) is designed to insure that these jurisdictional requirements

---

1. In this court, the exceptions to this jurisdictional limitation to hearing only refund suits consist principally of cases filed under 28 U.S.C. § 1507 (grant of jurisdiction to hear declaratory judgment actions under 26 U.S.C. § 7428, which concerns classification of entities pursuant to 26 U.S.C. § 501(c)(3) and related provisions of the Internal Revenue Code); and under 28 U.S.C. § 1508 (grant of jurisdiction over certain partnership proceedings under 26 U.S.C. §§ 6226 and 6228(a)). *See also Brown & Williamson, Ltd. v. United States*, 231 Ct.Cl. 413, 688 F.2d 747 (1982) (jurisdiction to allow interest on a tax refund pursuant to tax treaty that created right to retroactive refund of taxes).

have been met. Rule 9(h)(6) thus advances judicial economy by acting as a screening mechanism to forestall jurisdictionally unsupported and inappropriate tax litigation in this court.[2]

Ms. Artuso's complaint and response do not provide the information required by RCFC 9(h)(6). Although her supplemental submission filed January 25, 2008, appears to indicate that the 2004 tax year is the focus of her claim, her complaint does not specify that 2004 is the tax year particularly at issue, nor has she annexed an administrative claim for refund.

Because Ms. Artuso's complaint fails to comport with the requirements of RCFC 9(h)(6), the government is hampered in investigating her claim and in filing a meaningful response to her complaint. Accordingly, the government's motion for a more definite statement is granted, and Ms. Artuso must file an amended complaint with the court.

## B. Motion to Dismiss

■ In addition to her claims for a tax refund, Ms. Artuso's complaint contains allegations and claims that relate to ancillary matters. The government moves under RCFC 12(b)(1) to dismiss these portions of Ms. Artuso's complaint for lack of jurisdiction. As plaintiff, Ms. Artuso bears the burden of establishing jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988). Like all federal courts, absent a specific jurisdictional grant, this court may not act. *See RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed.Cir. 1998). Among other things, the Tucker Act excepts from this court's jurisdiction "cases ... sounding in tort." 28 U.S.C. § 1491(a)(1). *See Keene Corp. v. United States*, 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir.1997). Claims for a violation of constitutional rights are also beyond the jurisdiction of the Court of Federal Claims to the extent that constitutional provisions do not constitute a money-mandating source of substantive law. *See Mitchell*, 463 U.S. at 218, 103 S.Ct. 2961; *see also Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed.Cir.1994).

■ Ms. Artuso's non-tax claims fall into three general categories. First, she seeks $187,000 for a "lifetime of labor for which [she has] been obligated." Compl. at 55. Plaintiff argues that because the gold standard for the United States dollar was abandoned, the nation's money no longer has worth and thus "the United States and/or the Federal Reserve have effectively stolen the benefit of a lifetime of [her] labor." Compl. at 39. Second, Ms. Artuso demands $147,000, which represents an "[a]pproximate share of asset instruments evidenced to be received by the Federal Reserve and foreign banks as a deposit by [plaintiff]." Compl. at 55. Ms. Artuso's third set of claims incorporates eleven monetary demands each stating a dollar amount which allegedly represents an "amount evidenced to be received" by a particular bank. *Id.* Each such claim rests on tort principles or appears to seek redress for an alleged violation of Ms. Artuso's constitutional rights. These claims thus are beyond the jurisdiction of this court. Finally, to the extent that Ms. Artuso seeks damages that stem from allegations that an employee or agent of the government has failed to perform a duty imposed by law, she is pleading a contract implied-in-law, which is a claim beyond the jurisdiction of the Court of Fed-

---

**2.** Although there is no parallel Federal Rule of Civil Procedure that sets out the pleading requirements reflected in RCFC 9(h)(6), plaintiffs who file tax refund suits in the district courts must prove the same elements to prevail. *See Flora*, 362 U.S. at 177, 80 S.Ct. 630.

Besides ensuring that each tax refund case filed in this court has an adequate jurisdictional predicate, RCFC 9(h)(6) also enables the Attorney General to comply with 28 U.S.C. § 520(a), which pertains to suits filed in this court ("Transmission of petitions in United States Court of Federal Claims or in United States Court of Appeals for the Federal Circuit; statement furnished by departments") and provides in pertinent part that

> [i]n suits against the United States in the United States Court of Federal Claims ... the Attorney General shall send to the [pertinent] department, bureau, or officer a printed copy of the petition filed by the claimant, with a request that the department, bureau, or officer furnish to the Attorney General all facts, circumstances, and evidence concerning the claim in [its] possession.

eral Claims. *See Hercules, Inc. v. United States,* 516 U.S. 417, 422–24, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996).[3] Because this court lacks jurisdiction over Ms. Artuso's non-tax claims, the government's motion to dismiss those claims is granted.

### CONCLUSION

The government's motions for a more definite statement and for partial dismissal are GRANTED. On or before February 29, 2008, plaintiff shall file an amended complaint addressing her tax refund claim, providing the information required by RCFC 9(h)(6), including an identification of the amount, date, and place of each payment plaintiff alleges should be refunded to her, an identification of the date and place where she filed her claim(s) for refund, and a copy of any claim(s) for refund filed by her. Plaintiff's other claims are dismissed for lack of subject matter jurisdiction.

It is so **ORDERED.**

---

**3.** Ms. Artuso also appears to put forward breach of contract allegations that reflect a theory of social contract. *See* Pl.'s Resp. at 2 ("There is a basic contractual obligation that a woman or man will be paid in return for their labor.") A contract based upon a Lockean philosophical notion of a social contract does not satisfy the jurisdictional requirements of 28 U.S.C. § 1491. *See Speers v. United States,* 38 Fed.Cl. 197, 203 (1997), *superseded by statute in other respects, as recognized in Hinck v. United States,* —— U.S. ——, ——, 127 S.Ct. 2011, 2014, 167 L.Ed.2d 888 (2007).