**Ellen–Marie ARTUSO, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 07–699T.**

United States Court of Federal Claims.

July 3, 2008.

---

Ellen–Marie Artuso, Margate, FL, pro se.

Karen M. Groen, Tax Division, U.S. Department of Justice, Washington, D.C., for defendant. With her on the briefs were Richard T. Morrison, Acting Assistant Attorney General, David Gustafson, Chief, and Stephen I. Frahm, Assistant Chief, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, Washington, D.C.

## ORDER

LETTOW, Judge.

In this tax refund case, the court issued an Opinion and Order dated January 31, 2008, dismissing plaintiff Ellen–Marie Artuso's non-tax claims and granting a motion for more definite statement respecting her tax claims. *Artuso v. United States*, 80 Fed.Cl. 336, 340 (2008). The court directed Ms. Artuso to file an amended complaint that complies with the special pleading rules for tax-refund cases set out in Rule 9(h)(6) of the Rules of the Court of Federal Claims ("RCFC"). Subsequently, Ms. Artuso filed an amended complaint on February 29, 2008. Plaintiff's Revised Complaint ("Am. Compl.") at 1. The government has responded by filing a motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6). Ms. Artuso has controverted the motion to dismiss by filing a motion for summary judgment. For the reasons set forth below, the government's motion to dismiss is GRANTED, and plaintiff's motion for summary judgment is DENIED.

## BACKGROUND[1]

In 2003, Ms. Artuso received a notice from the Internal Revenue Service ("IRS") requesting that she file an income tax return for the 2001 tax year. Am. Compl. at 3. Ms. Artuso responded by disputing the authority of the IRS to collect taxes from her, alleging that the money she earned as an appraiser did not constitute "income" and that, in any event, the IRS lacked the constitutional and statutory authority to collect such a tax. *Id.* at 1–4.

In March 2007, Ms. Artuso received notice that $8,153.06 had been withdrawn from her savings account at the direction of the IRS, as payment of federal income tax owed for the 2003 tax year. Am. Compl. at 5. Later that same year, the IRS instituted a tax lien against Ms. Artuso's home to meet unpaid income tax obligations for the 2001 and 2002 tax years. *Id.* In November 2007, the IRS began to garnish Ms. Artuso's wages. *Id.*

Ms. Artuso's original complaint raised a tax refund claim and several claims sounding in tort. *Artuso*, 80 Fed.Cl. at 337, 339–40. After this court dismissed the non-tax claims and required Ms. Artuso to file an amended complaint, her revised complaint demanded the return of $8,153.06 which had been withdrawn from her savings account at the direction of the IRS, cessation of the garnishment of her wages, and termination of the tax lien on her home. Am. Compl. at 5–6. To her amended complaint, plaintiff also appended several documents (*e.g.*, "Notice of Dispute of Purported Debt and Demand to Cease and Desist Collection Activities Prior to *Verification* of Purported Debt" ("Dispute Notice") and "Demand for Verification" ("Demand") (emphasis in original)), which constitute a portion of her interactions with the IRS, as well as the notices she received from the IRS advising her of the levy of funds from her savings account and the lien on her home ("Taxpayer's Copy of Notice of Levy" at 1; "Notice of Federal Tax Lien" at 1).

## ANALYSIS

This court has jurisdiction over tax refund suits under the Tucker Act, 28 U.S.C.

---

1. The recitations that follow do not constitute findings of fact by the court. Rather, the recited factual elements are either undisputed or are alleged and assumed to be true because they are uncontested.

§ 1491(a), concurrent with district courts. *See* 28 U.S.C. § 1346(a)(1) (granting district courts concurrent original jurisdiction with the Court of Federal Claims over tax refund suits). For that jurisdiction to lie, a plaintiff must comply with the requirements of 26 U.S.C. § 7422(a), which sets conditions on taxpayers' ability to bring such suits. *United States v. Clintwood Elkhorn Mining Co.*, —— U.S. ——, ——, 128 S.Ct. 1511, 1516, 170 L.Ed.2d 392 (2008) (holding that "taxpayers seeking refunds of unlawfully assessed taxes must comply with the [statutory regime for raising claims] before bringing suit, including the requirement of a timely administrative claim" and that, consequently, the Court of Federal Claims did not have jurisdiction over a tax case where an administrative claim for refund had not been filed).[2]

Ms. Artuso thus must establish that she filed an administrative claim for a tax refund "according to the provisions of law ... and the regulations of the Secretary." 26 U.S.C. § 7422(a); *Clintwood Elkhorn*, —— U.S. at ——, 128 S.Ct. at 1516; *see* RCFC 9(h)(6) (requiring plaintiffs presenting tax-refund claims to plead the date and place the claim for refund was filed); *Artuso*, 80 Fed.Cl. at 340 (requiring Ms. Artuso to "identif[y] ... the date and place where she filed her claim(s) for refund" and submit "a copy of any claim(s) for refund filed by her"). A tax-refund plaintiff's failure to make and plead such a claim deprives this court of jurisdiction over such a suit. *Clintwood Elkhorn*, —— U.S. at ——, 128 S.Ct. at 1520. Ms. Artuso's amended complaint fails to satisfy these jurisdictional requirements.

### CONCLUSION

Ms. Artuso has failed to establish this court's jurisdiction over her tax-refund suit. Consequently, the government's motion to dismiss is GRANTED for lack of subject matter jurisdiction, and Ms. Artuso's motion for summary judgment is DENIED. The clerk is directed to enter judgment accordingly.

2. Section 7422(a) provides: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or

No costs.

It is so **ORDERED**.

collected ..., until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law ... and the regulations of the Secretary." 26 U.S.C. § 7422(a).