Carla J. VAN VORST, Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 08–130 T.

United States Court of Federal Claims.

Dec. 31, 2008.

Carla J. Van Vorst, Wayne, NJ, pro se.

Jennifer Dover Spriggs, United States Department of Justice, Washington, DC, for defendant.

***RULING ON DEFENDANT'S MOTIONS (1) FOR MORE DEFINITE STATEMENT AND (2) TO STAY PROCEEDINGS; AND PLAINTIFF'S MOTIONS (1) FOR SUPPLEMENTAL PLEADINGS, (2) TO ADD A REFUND CLAIM FOR YEAR 2007, AND (3) FOR INJUNCTIVE RELIEF AND AWARD OF LEGAL COSTS***

SWEENEY, Judge.

Before the court are the following motions: (1) Defendant's Motion for More Definite Statement; (2) Defendant's Motion to Stay Proceedings; (3) Plaintiff's August 13, 2008 Motion for Supplemental Pleadings; (4) Plaintiff's August 13, 2008 Motion to Add a Refund Claim for Year 2007; (5) Plaintiff's September 23, 2008 Motion for Supplemental Pleadings; and (6) Plaintiff's October 30, 2008 Motions for Injunctive Relief and Award of Legal Cost[s]. In its September 23, 2008 order, the court deferred ruling upon plaintiff's September 23, 2008 motion for supplemental pleadings "[b]ecause plaintiff currently has a Motion for Supplemental Pleadings and a Motion to Add a Refund Claim for Year 2007 pending before the court, ... [and o]nce these motions are fully briefed, the court shall issue a ruling." Order 3, Sept. 23, 2008. Although plaintiff has been afforded ample opportunity—thirty days—to reply to defendant's response to her motion for injunctive relief, she has not done so, and the court determines, given plaintiff's silence, that there is no reason to delay its ruling. Each motion is addressed below.

### I. Defendant's Motion for More Definite Statement

On May 5, 2008, defendant filed a motion for a more definite statement pursuant to Rule 12(e) of the Rules of the United States Court of Federal Claims ("RCFC"). Defendant argued that plaintiff omitted special matters, as required by former RCFC

9(h)(6),[1] thereby preventing it from determining whether the court possesses jurisdiction over plaintiff's amended complaint. The court granted defendant's motion on August 1, 2008, and plaintiff filed a more definite statement on August 13, 2008. Defendant now submits a second motion for a more definite statement and notes that plaintiff's more definite statement "relies upon a spreadsheet ... which sets forth the tax year, approximate time of filing of tax return, place of filing of tax return, wage income, reasonable compensation exemption limit, and amount of refund. Plaintiff's spreadsheet fails to include the amount, date, and place of each payment to be refunded for tax years 1975–1983." Resp. United States Pl.'s More Definite Statement & Mot. Leave File Supp'l Pleadings ("Def.'s Resp. Pl.'s Mots.") 3. Plaintiff's omission of this information for the years 1975–1983, defendant maintains, renders plaintiff's more definite statement deficient under the RCFC. *Id.* Additionally, defendant argues that plaintiff has failed to provide "the basic information required by RCFC 9(h)(6)" for tax years 1975–2002 and has also failed to provide a copy of those refund claims. *Id.* Furthermore, defendant asserts that plaintiff "did not identify the date and place each claim for refund was filed for the years 1975 through 2007," information that defendant maintains is necessary "in order to verify that the jurisdictional requirements for the suit have been met." *Id.* at 4.

As the court previous indicated in its August 1, 2008 order, former RCFC 9(h)(6) governed special matters required to be plead in the complaint in tax refund suits. The complaint "shall include":

> In any action for refund of federal tax, for each tax year or period for which a refund is sought, the amount, date, and place of each payment to be refunded; the date and place the return, if any, was filed; the name, address, and identification number of the taxpayer or taxpayers appearing on the tax return; the date and place the claim for refund was filed; and the identification number for each plaintiff, if different from the identification number of the taxpayer. A copy of the claim for refund shall be annexed to the complaint.

RCFC 9(h)(6) (2002). Instead of furnishing copies of the claims for refund, plaintiff submitted an appendix, "Spreadsheet Showing the Tax Year, Place and Time of Filing, Wage Income, Reasonable Compensation Limit, and Approximate Amount of Tax Refund," which she generated using Microsoft Excel. *See* Pl.'s Resp. Ct.'s Order More Definite Statement & Mot. Supp'l Pleadings & Mot. Add Refund Claim for Year 2007 ("Pl.'s Resp. & Mots.") 2; *see also* Pl.'s Opp'n Mot. Stay Proceedings, Reply Def.'s Resp. Pl.'s More Definite Statement, Mot. Inj. Relief/Award of Legal Cost[s] ("Pl.'s Opp'n Mot. Stay & Mots.") 10 (stating that plaintiff "provided a copy of the Social Security Administration's account statement where all the

---

1. After defendant filed its motion, the United States Court of Federal Claims ("Court of Federal Claims") amended the language of the RCFC "to conform to the general restyling" of the Federal Rules of Civil Procedure. RCFC 9, Rules Committee Note (Nov. 3, 2008). Most of the revisions to the RCFC were minor textual changes. However, RCFC 9(h)(6), which specifically pertained to special matters applicable to tax refund suits, was redesignated RCFC 9(m) and amended as follows:

> **(m) Tax Refund Claim.** In pleading a claim for a tax refund, a party must include:
> (1) a copy of the claim for refund, and
> (2) a statement identifying:
>   (A) the tax year(s) for which a refund is sought;
>   (B) the amount, date, and place of each payment to be refunded;
>   (C) the date and place the return was filed, if any;

(D) the name, address, and identification number (under seal) of the taxpayer(s) appearing on the return;
(E) the date and place the claim for refund was filed; and
(F) the identification number (under seal) of each plaintiff, if different from the identification number of the taxpayer.

RCFC 9(m). As the rules committee note indicates, an additional requirement—that taxpayer identification numbers be included under seal—was added to the rule. RCFC 9, Rules Committee Note (Nov. 3, 2008). For the reasons explained in this ruling, plaintiff failed to satisfy the requirements of the former rule. Going forward, the parties shall comply with the RCFC, as amended, because doing so will be feasible and will not work injustice. *See* RCFC 86.

withheld social security taxes are listed, along with [plaintiff's] income for each year"). Plaintiff has not, however, satisfied the requirements set forth in former RCFC 9(h)(6) for the reasons cited by defendant. Accordingly, defendant's motion is granted. Plaintiff must submit a more definite statement that complies with the amended RCFC.[2] *See supra* note 1.

## II. Defendant's Motion to Stay Proceedings

■ Defendant asks that the court, pursuant to section 7422(e) of the Internal Revenue Code ("I.R.C."),[3] stay proceedings through March 7, 2009, with respect to plaintiff's 2006 tax year. Def.'s Mot. Stay Proceedings ("Def.'s Mot. Stay") 1. Section 7422(e) provides, in relevant part:

> If the Secretary prior to the hearing of a suit brought by a taxpayer in a district court or the United States Court of Federal Claims for the recovery of any income tax ... mails to the taxpayer a notice that a deficiency has been determined in respect of the tax which is the subject matter of taxpayer's suit, the proceedings in taxpayer's suit shall be stayed during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency, and for 60 days thereafter. If the taxpayer files a petition with the Tax Court, the district court or the United States Court of Federal Claims, as the case may be, shall lose jurisdiction of taxpayer's suit to whatever extent jurisdiction is acquired by the Tax Court of the subject matter of taxpayer's suit for refund.[4]

26 U.S.C. § 7422(e) (2000) (footnote added). Defendant notes that plaintiff's amended complaint requests a refund of income tax for the 2006 tax year. Def.'s Mot. Stay 1. Furthermore, defendant indicates that the Internal Revenue Service ("IRS"), on October 8, 2008, issued a Notice of Deficiency to plaintiff that reflected an increase in income tax for the 2006 tax year. *Id.* at 1–2. According to defendant, plaintiff has ninety days after the Notice of Deficiency was mailed within which to file a petition with the United States Tax Court ("Tax Court"). *Id.* (citing I.R.C. § 6213(a)). It therefore argues that proceedings in this case must be stayed through March 7, 2009. *Id.* at 3 (citing cases); *accord* Def.'s Reply Supp. Mots. 2 ("Under § 7422(e)[,] proceedings in a tax refund suit will be stayed[ ] if the taxpayer is sent a notice of deficiency with respect to the tax which is the subject matter of the suit, during the period of time in which the taxpayer may file a petition with the Tax Court for a redetermination of the asserted deficiency and for 60 days thereafter.").

Plaintiff asserts that she does not want to petition the Tax Court and that "the forum selected by the Plaintiff ... should be respected by the Court." Pl.'s Opp'n Mot. Stay & Mots. 3. Plaintiff argues that "for purposes of [I.R.C.] Section 6422(e), the hearing of the taxpayer's suit has already occurred [because] in the instant case it can be concluded that any type of substantive hearing has taken place with respect to the merits of Ms. Van Vorst's case." *Id.* at 5; *accord id.* at 5–6 ("All the correspondence with the Appeals office and the Taxpayer Advocate and all the civil penalties levied against [plaintiff] over the last five years could be argued to have substantially determined all of the issues in the pending litigation.... [I]t should be concluded that a hearing has taken place...."). *But see* Def.'s Reply Supp. Mots. 2–3 (arguing that plaintiff's contention that a hearing has already occurred "is without merit" and urging the court to "discard[ ]" such contention). Furthermore, plaintiff states:

> We have warned this Court of the deceitful practices of the Defendant, in their at-

2. Even if there had been no amendment or stylistic change to RCFC 9(h)(6), plaintiff would still have been required to file a more definite statement. Thus, the intervening rule amendment did not impact the court's decision to grant defendant's motion.

3. Provisions of the I.R.C. are codified in title 26 of the United States Code.

4. The term "hearing" contained in 26 U.S.C. § 7422(e), defendant asserts, has been interpreted as the "'actual trial in the case.'" Def.'s Reply Supp. Mot. Stay Proceedings & Mot. More Definite Statement & Resp. Pl.'s Mot. Inj. Relief/Award of Legal Cost[s] ("Def.'s Reply Supp. Mots.") 2 (quoting *Statland v. United States*, 178 F.3d 465, 470–71 (7th Cir.1999)).

tempt to delay the proceedings so that the Utah office of the IRS issues a [Notice of Deficiency] in their race to use the provisions of Section 7422(e) to stay the proceedings. We were right. Following seven months since the filing of the Plaintiff's complaint, these individuals continue to stall the proceedings[,] claiming that they have no tax return information, that [they] cannot find any tax return information, that there have been no hearings, and [they] continue to mislead the Court by failing to disclose all the pertinent file information that they have in their possession.

Pl.'s Opp'n Mot. Stay & Mots. 6. Plaintiff maintains that defendant "is conspiring to charge [her] with additional taxes and penalties and interest so that [she], having spent thousands of dollars in legal fees, never sees a penny of her stolen wages." *Id.* at 7.

As defendant indicates, the Notice of Deficiency plaintiff received sets forth a procedure for taxpayers who decide not to file a petition with the Tax Court. *See* Def.'s Reply Supp. Mots. 4–5. The Notice of Deficiency plaintiff received explicitly states:

If you decide not to file a petition with the Tax Court, please sign and return the enclosed waiver form to us. This will permit us to assess the deficiency quickly and will limit the accumulation of interest. We've enclosed an envelope you can use. If you decide not to sign and return the waiver and you do not petition the Tax Court, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter....

Def.'s Mot. Stay Ex. A. Defendant maintains that "[u]nless[ ] plaintiff agrees to a waiver of the restrictions on the assessment and collection of the deficiency in tax for the 2006 year, defendant's motion to stay proceedings with respect to that year should be granted." Def.'s Reply Supp. Mots. 5.

Notwithstanding plaintiff's apparent frustration over the circumstances that precipitated her filing the instant action, Congress has addressed this precise issue in section 7422(e), which does not afford the court latitude in determining whether to stay proceedings. To the contrary, section 7422(e) explic-

itly states that if a Notice of Deficiency is mailed to the taxpayer and that Notice of Deficiency pertains to the tax that is the subject matter of the taxpayer's lawsuit, then "the proceedings in taxpayer's suit *shall* be stayed...." 26 U.S.C. § 7422(e) (emphasis added). Use of the term "shall" denotes the imperative and connotes a mandatory obligation. *See Merck & Co. v. Hi–Tech Pharmacal Co.,* 482 F.3d 1317, 1322 (Fed.Cir. 2007); *Sys. Fuels, Inc. v. United States,* 65 Fed.Cl. 163, 173 (2005). Accordingly, defendant's motion is granted.

### III. Plaintiff's August 13, 2008 Motions

#### A. Motion for Supplemental Pleadings

Plaintiff moves the court to permit her to include with her complaint a March 28, 2008 letter with attachments that she submitted to the IRS. Pl.'s Resp. & Mots. 7. Plaintiff asserts that the court should grant her motion because

the 28 March 2008 correspondence is legally of extraordinary importance because it allows the court to see first hand the practices of the Defendant's agents, where they deny that a tax return was filed; they deny deductions allowed by the U.S. Congressional statutes and issue $5,000 penalties without providing explanation or no justification for these wrongful exactions.

*Id.* This correspondence relates to plaintiff's 2006 tax year. As discussed in Part II, *supra,* a stay of these proceedings is appropriate with respect to the 2006 tax year. Accordingly, the court denies plaintiff's August 13, 2008 motion to supplement. Plaintiff may renew her motion after the stay is lifted.

#### B. Motion to Add a Refund Claim for Year 2007

In her motion to add a claim for refund, plaintiff indicates that she filed a tax refund claim for year 2007 and that the IRS denied her claim. Pl.'s Resp. & Mots. 7. Plaintiff asserts that she "has met the administrative claim for refund requirements ... and can file a suit for refund." *Id.* Specifically, plaintiff argues that "it can be stated that the tax refund claim for year 2007 has been rejected or deemed rejected by the Defendant's agent

(the Commissioner). Therefore, since the tax return provided in detail the basis of Plaintiff's refund claim, the tax can be recovered by filing a suit. . . ." *Id.* at 9. Defendant, however, argues that plaintiff "does not allege that she has made full payment of her income tax liability for the 2007 tax year[,] and the correspondence which she has attached to her response . . . indicates a balance due for the 2007 tax year of $18,914.30." Def.'s Resp. Pl.'s Mots. 4.

■ It is "undisputed" that this court possesses the authority to adjudicate tax refund claims. *CNG Transmission Mgmt. VEBA v. United States*, 84 Fed.Cl. 327, 328 (2008); *accord Radioshack Corp. v. United States*, 82 Fed.Cl. 155, 158 (2008); *see also Artuso v. United States*, 80 Fed.Cl. 336, 338 (2008) ("A tax refund claim, with very few exceptions, is the only type of tax dispute over which this court has jurisdiction."[5]). "A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims." *United States v. Clintwood Elkhorn Mining Co.*, —— U.S. ——, ——, 128 S.Ct. 1511, 1514, 170 L.Ed.2d 392 (2008); *accord* 28 U.S.C. § 1346(a)(1). Section 1346 of title 28 of the United States Code provides, in relevant part:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected. . . .

28 U.S.C. § 1346(a)(1). In order for the court to assert jurisdiction over such a claim, however, a plaintiff must satisfy the require-

ments set forth in the I.R.C. As the United States Supreme Court ("Supreme Court") recently noted, the I.R.C. establishes a "scheme [that] provides that a claim for a refund must be filed with the [IRS] before suit can be brought, and establishes strict timeframes for filing such a claim." *Clintwood Elkhorn Mining Co.*, 128 S.Ct. at 1514.

In *Flora v. United States*, the Supreme Court limited the court's tax refund suit jurisdiction to include only those claims in which the taxpayer fully paid all taxes assessed for the tax year at issue prior to the initiation of the claim. 357 U.S. 63, 72–73, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958) ("*Flora I* "), *aff'd on reh'g*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) ("*Flora II* "). The *Flora I* court's interpretation of the legislative history of 28 U.S.C. § 1346(a)(1) yielded a conclusion that Congress intended no change to the requirement that full payment must be made before instituting suit. 357 U.S. at 72–73, 78 S.Ct. 1079; *accord Flora II*, 362 U.S. at 155, 80 S.Ct. 630 (determining that the language set forth in 28 U.S.C. § 1346(a)(1) "reflects an understanding that full payment of the tax was a prerequisite to suit"). The United States Court of Claims, the predecessor court to the United States Court of Appeals for the Federal Circuit, "consistently applied the full payment rule with regard to the principal tax deficiency. Where the principal tax deficiency has not been paid in full, such tax refund claims are dismissed. . . ." *Shore v. United States*, 9 F.3d 1524, 1526 (Fed.Cir.1993) (citing *Tonasket v. United States*, 590 F.2d 343, 1978 WL 23853 (Ct.Cl. 1978)); *accord Rocovich v. United States*, 933 F.2d 991, 993–94 (Fed.Cir.1991). As the court in *Artuso* explained, "[a] refund suit is exactly what the descriptive term implies." 80 Fed.Cl. at 338. Thus, "payment of the assessed taxes in full is a prerequisite to bringing a refund claim." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed.Cir.2002);

---

**5.** The Court of Federal Claims possesses jurisdiction over other types of tax-related claims. For example, the court may entertain declaratory judgment actions pursuant to 28 U.S.C. § 1507 (2000), which concerns classification of entities pursuant to 26 U.S.C. § 501(c)(3) and other related provisions of the I.R.C. Additionally, the court has jurisdiction under 28 U.S.C. § 1508 to hear cases concerning certain partnership pro-

ceedings under 26 U.S.C. §§ 6226, 6228(a). *See Artuso*, 80 Fed.Cl. at 338 n. 1; *Skillo v. United States*, 68 Fed.Cl. 734, 740 n. 11 (2005). Furthermore, the United States Court of Claims, in *Brown & Williamson, Ltd. v. United States*, asserted jurisdiction to allow interest on a tax refund pursuant to a tax treaty that created a right to the retroactive refund of taxes. 231 Ct.Cl. 413, 688 F.2d 747, 752 (1982).

*accord Artuso,* 80 Fed.Cl. at 338 (citing *Tonasket* and explaining that the full payment rule requires that "a plaintiff must have fully paid the tax penalties, and interest at issue").

█ To the extent that plaintiff seeks to amend the pleadings to assert a claim for year 2007, such a request cannot be sustained absent allegations that plaintiff has, in fact, satisfied the full payment rule. Although "leave to amend 'shall be freely given when justice so requires,'" it is solely within the discretion of the trial court to grant or deny an opportunity to amend. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). As the *Foman* court recognized, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave should be granted. *Id.* Here, despite plaintiff's recitation, *see* Pl.'s Opp'n Mot. Stay & Mots. 10–12, plaintiff has not alleged that she fully paid her 2007 tax liability, thereby rendering amendment futile. In the absence of such allegations, plaintiff has not established that the court possesses jurisdiction over a refund claim for the 2007 tax year. Consequently, plaintiff's motion is denied.

## IV. Plaintiff's September 23, 2008 Motion for Supplemental Pleadings

Plaintiff indicates that she received a September 15, 2008 letter from the IRS in which the IRS assessed her $10,184.00 in penalties and interest. Pl.'s Mot. Supplemental Pleadings Pursuant Ct. Rule 15(d), at 3. Plaintiff states:

[T]he Defendant's agents have been refusing to allow the Plaintiff deductions and exemptions granted by the U.S. Congress. This illegal and wrongful behavior of the defendant has continued to date in reckless disregard of the tax laws. The Defendant's agents will not refund [plaintiff's] property because they will have charge[d] her with $10,184[,] which is more than the refund money. Again, these are criminal

tactics and we are also reporting them to the U.S. Congress.... They have refused to refund taxes for the tax year 2006 by denying the deduction for the reasonable compensation.... Plaintiff believes that the court should also adjudicate the civil penalties for year 2006 ... as they clearly represent illegal or wrongful exactions by the Defendant.

*Id.* It is apparent from plaintiff's motion that she seeks to supplement the record with documentation related to plaintiff's 2006 tax year. As discussed in Part II, *supra,* a stay of these proceedings is appropriate with respect to the 2006 tax year. Accordingly, the court denies plaintiff's September 23, 2008 motion for supplemental pleadings. Plaintiff may renew her motion after the stay is lifted.

## V. Plaintiff's October 30, 2008 Motions

### A. Motion for Injunctive Relief

█ Plaintiff asserts that she "has been threatened with continuous levying actions" and that the IRS "refus[es] to obey the Congressional statutes and U.S. Treasury regulations and continue[s] to threaten a U.S. Citizen by utilizing the U.S. Mail." Pl.'s Opp'n Mot. Stay & Mots. 15. She argues that defendant's conduct, which includes the alleged retention or conversion of her property and intentional delays of the proceedings in the instant case, *id.,* are "unprecedented and uncalled for attacks against a U.S. Citizen" that warrant sanctions, *id.* at 16. According to plaintiff, her "reputation and livelihood [are] in danger of being damaged irreparably and we are only asking the Court to put a brake in the illegal activities of the Defendant's [sic] until the law suit is adjudicated." *Id.* In support of this motion, plaintiff asserts that

the position of Defendant is entirely unjustified: they have levied over $20,000 in *penalties* ... on a wage earner whose wages are far below the reasonable compensation limit; they refuse to obey the Congressional laws and Treasury Regulations; they continue to delay the legal proceedings by filing frivolous and fraudulent motions; and they continue to deny that they have any record of any tax return.

*Id.* at 17; *see also id.* at 4 ("The attorney on this case ... has committed another major fraud against [plaintiff] and has defrauded and mislead [sic] this court ...."), 7 (stating that "[t]hese illegal activities must be sanctioned by the Court and we are moving again for injunctive relief and judgment against the Defendant ... pursuant to Rule 11").

With the exception of limited situations not relevant in this case, *see* 28 U.S.C. § 1491(a)(2), (b)(2), the Court of Federal Claims lacks jurisdiction to award declaratory or injunctive relief. *Bowen v. Massachusetts,* 487 U.S. 879, 905 & n. 40, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988). In most cases concerning federal taxes, all federal courts are prohibited from awarding declaratory or injunctive relief by the Anti–Injunction Act. *See* 26 U.S.C. § 7421(a) ("Except as provided ..., no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...."). Section 7421(a) "provides that once a tax has been assessed, a taxpayer is powerless to prevent the [IRS] from collecting that tax." *Stiles v. United States,* 47 Fed.Cl. 1, 2 (2000). To the extent that plaintiff's motion implicates the Anti–Injunction Act, the court lacks jurisdiction to grant injunctive relief. Accordingly, the motion must be denied.

With respect to plaintiff's allegations that defendant's counsel has violated RCFC 11, plaintiff has failed to comply with the requirements set forth for bringing an RCFC 11 motion for sanctions. *See* RCFC 11(c)(2). Even if plaintiff properly filed such a motion, it must be denied because plaintiff's allegations are entirely unfounded. As the court explained in its September 23, 2008 order, counsel for defendant has not engaged in any conduct designed to delay proceedings in this case. In order for this case to proceed forward, plaintiff must comply with the RCFC and furnish the appropriate information such that the United States Department of Justice can gather the appropriate facts to understand the full extent of plaintiff's claims and respond accordingly. In her effort to present a full record to the court, plaintiff's numerous motions to supplement the pleadings, rather than defendant's efforts to obtain the appropriate information that will move this case forward, have contributed to delaying proceedings. At all times, counsel for defendant has acted in a responsible and professional manner, and there is no basis for imposing sanctions based upon plaintiff's contentions.

### B. Motion for Award of Legal Cost[s]

■ Plaintiff also seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Subsection (a) of section 2412, which "applies to all parties before the United States Court of Federal Claims," *Neal & Co. v. United States,* 121 F.3d 683, 685 n. * (Fed.Cir.1997), provides:

> Except as otherwise specifically provided by statute, a judgment for costs[,] ... not including the fees and expenses of attorneys, may be awarded to the *prevailing party* in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412(a)(1) (emphasis added). Further, "the statute governing the award of attorney fees and other expenses—28 U.S.C. § 2412(d)(1)—applies only to those parties which meet the requirements of section 2412(d)(2)(B)." [6] *Neal & Co.,* 121 F.3d at 683

---

**6.** The EAJA provides that a court

> shall award to a *prevailing party* other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort) ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). A party seeking an award of fees and other expenses

> shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a *prevailing party* and is eligible to receive an award under this subsection, and the amount sought.... The party shall also

n. *. Each relevant EAJA provision contains the term "prevailing party." *See supra* note 6. A party prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *see also Davis v. Nicholson*, 475 F.3d 1360, 1363 (Fed.Cir. 2007) ("A party prevails in a civil action if he receives 'at least some relief on the merits of his claim.'" (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603–04, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001))); *Loomis v. United States*, 74 Fed.Cl. 350, 353 (2006) (stating that a prevailing party is one who "succeeded 'on any significant issue which achieves some of the benefits sought by the suit.'" (quoting *Owen v. United States*, 861 F.2d 1273, 1274 (Fed.Cir.1988))). Plaintiff is not a "prevailing party" in this action because the court has not yet adjudicated the merits of her claims. Consequently, plaintiff's motion is premature and is denied.

## VI. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for More Definite Statement is **GRANTED.** Plaintiff shall, by no later than **Friday, February 6, 2009,** file a more definite statement that complies with the RCFC and contains the information discussed herein.

2. Defendant's Motion to Stay is **GRANTED.** Proceedings shall be stayed with respect to tax year 2006 through **Monday, March 9, 2009.**

3. Plaintiff's August 13, 2008 Motion for Supplemental Pleadings is **DENIED.**

4. Plaintiff's Motion to Add a Refund Claim for Year 2007 is **DENIED.**

5. Plaintiff's September 23, 2008 Motion for Supplemental Pleadings is **DENIED.**

6. Plaintiff's Motion for Injunctive Relief is **DENIED.**

allege that the position of the United States was not substantially justified.

7. Plaintiff's Motion for Award of Legal Cost[s] is **DENIED.**

*Id.* § 2412(d)(1)(B) (emphasis added).