**William F. ROGERS, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 02–5125.

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 13, 2003.

⊜1083

Before CLEVENGER, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

William F. Rogers appeals a United States Court of Federal Claims decision, No. 01–349T, dismissing his complaint for lack of subject matter jurisdiction. Because Mr. Rogers has not demonstrated any error in the trial court's treatment of his complaint, this court *affirms*.

## I.

Mr. Rogers is an individual tax preparer. The Internal Revenue Service (IRS) assessed a tax return preparer penalty on Mr. Rogers in the amount of $4000 for the 1995 tax year, $4000 for 1996, and $3750 for 1997 pursuant to 26 U.S.C. § 6694(a) (2000). 26 U.S.C. § 6694(a) permits the IRS to impose a $250 penalty against a tax preparer for each instance of understating a taxpayer's liability based on "unrealistic positions." In January 2001, the IRS sought to collect the penalties plus interest by placing a levy on Mr. Rogers' retirement payments.

Mr. Rogers challenged the penalties in the United States Tax Court (Docket Nos. 10536–99S and 10537–99S). After both cases were dismissed on jurisdictional grounds, Mr. Rogers appealed to the

Court of Federal Claims, *Rogers v. United States,* No. 00–5560T (Fed.Cl. Oct. 6, 2000), and the United States Court of Appeals for the District of Columbia Circuit, *Rogers v. Commissioner,* No. 00–1535 (D.C.Cir. Jun. 8, 2001). Each of those courts also dismissed the case for lack of jurisdiction.

On June 11, 2001, Mr. Rogers filed another complaint in the Court of Federal Claims alleging that the IRS wrongfully placed a levy on his retirement funds and seeking to invalidate the levy. Mr. Rogers also alleged willful and malicious levying of wrongful taxes and sought compensatory damages for mental anguish, legal fees, and punitive damages. Mr. Rogers further alleged that the IRS violated his Fifth Amendment due process rights through imposition of a wrongful levy.

The Court of Federal Claims dismissed the complaint for lack of subject matter jurisdiction. *Rogers v. United States,* No. 01–349T, slip op. at 8, 2002 WL 850053 (Fed.Cl. Mar. 28, 2002). The court noted that its jurisdiction over tax claims extended only to claims seeking refunds of taxes already paid. Because Mr. Rogers' sought declaratory relief from enforcement of the tax lien rather than a refund of taxes already paid, the court held that it had no jurisdiction over his claim. *Id.* at 5. The court also held that the Tucker Act, 28 U.S.C. § 1491 (2000), explicitly precluded its jurisdiction over Mr. Rogers' claim for tort damages. *Id.* at 6. Finally, the court held that Tucker Act limited its jurisdiction to cases in which the Constitution or a federal statute dictated payment of money damages. *Id.* The court determined that Mr. Rogers' allegation of Fifth Amendment due process clause violations was not such a case. Accordingly, the court held that it lacked jurisdiction. *Id.* at 7. Mr. Rogers appeals the dismissal of his complaint.

## II.

A Court of Federal Claims ruling on its own subject matter jurisdiction is a question of law that this court reviews de novo. *Moyer v. United States,* 190 F.3d 1314, 1318–19 (Fed.Cir.1999). This court, in conducting the review, must accept the complaint's undisputed factual allegations as true and construe the facts in the light most favorable to the plaintiff. *Bradley v. Chiron Corp.,* 136 F.3d 1317, 1321–22 (Fed.Cir.1998).

The Court of Federal Claims' limited jurisdiction is generally defined by the Tucker Act, which gives the court authority to

> render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2000). Thus, a plaintiff seeking redress in the Court of Federal Claims must present a claim for "actual, presently due money damages from the United States." *United States v. King,* 395 U.S. 1, 3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). Moreover, the Tucker Act does not itself create a cause of action against the United States. Rather, a plaintiff seeking damages against the United States in the Court of Federal Claims must point to a money-mandating constitutional provision, statute, regulation, or contract with the United States affording it a right to money damages. *United States v. Mitchell,* 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983); *Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545, 1554 (Fed.Cir.1994) (en banc).

As noted above, Mr. Rogers' complaint raised three claims. None of them, however, are the type that may be adjudicated by the Court of Federal Claims. Except in narrow circumstances not applicable here, the Court of Federal Claims cannot issue declaratory judgments. *Nat'l Air Traffic Controllers Ass'n v. United States,* 160 F.3d 714, 716 (Fed. Cir.1998). The Court of Federal Claims also cannot adjudicate Mr. Rogers' claim for restitution for mental anguish and punitive damages because the Tucker Act limits the court's jurisdiction to "cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2000); *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir.1997). Similarly, the Court of Federal Claims lacks jurisdiction over Mr. Rogers' allegations of due process violations because a Fifth Amendment due process violation does not create an independent cause of action for money damages. *Murray v. United States,* 817 F.2d 1580, 1583 (Fed.Cir.1987).

Finally, on appeal, Mr. Rogers' requests "return [of] monies levied." To the extent that Mr. Rogers seeks refund of penalties already paid, the Court of Federal Claims also lacks jurisdiction. In order to bring an action against the United States for a refund of federal taxes, the taxpayer must first (1) pay the full amount of taxes in dispute, *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), (2) file a timely claim for refund with the IRS, 26 U.S.C. § 7422 (2000), and (3) file a timely complaint subsequent to the submission of the claim for a refund, 26 U.S.C. § 6532 (2000). The record before this court, including the allegations in the complaint, fail to provide evidence that Mr. Rogers paid the full amount of the penalties and filed a timely claim for a refund with the IRS. Thus, Mr. Rogers has not shown that he met the jurisdictional prerequisites for bringing suit.

Because the Court of Federal Claims correctly dismissed the complaint for lack of subject matter jurisdiction, this court affirms.