NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NORMAN DOUGLAS DIAMOND,**
*Plaintiff-Appellant*

**ZAIDA GOLENA DEL ROSARIO,**
*Plaintiff*

v.

**UNITED STATES,**
*Defendant-Appellee*

---

2014-5088

---

Appeal from the United States Court of Federal Claims in No. 13-cv-0292-SGB, Judge Susan G. Braden.

---

Decided: February 10, 2015

---

NORMAN DOUGLAS DIAMOND, Tokyo, Japan, pro se.

JANET A. BRADLEY, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by MICHAEL J. HAUNGS, TAMARA W. ASHFORD.

---

Before PROST, *Chief Judge,* MOORE, and O'MALLEY,
*Circuit Judges.*

PER CURIAM.

Norman Douglas Diamond and his wife, Zaida Golena Del Rosario, (collectively, "Appellants"), acting pro se, appeal a decision of the United States Court of Federal Claims dismissing their claim for abatement of a 2008 Internal Revenue Service ("IRS") fee for lack of subject matter jurisdiction, and granting the government's motion for summary judgment that they were not entitled to a tax refund for 2006-2011 tax years. See *Diamond v. United States*, 115 Fed. Cl. 516 (2014) ("*Claims Decision*"). Because the Court of Federal Claims did not err in its decision, we affirm.

## BACKGROUND

Norman Diamond and his wife have been in a protracted dispute with the IRS since the early 1990s, when the IRS sent documents to the Appellants' residence in Japan with Mr. Diamond's Social Security number on the outside of the envelopes. Following this incident, both Mr. Diamond and his wife applied for new Social Security numbers and individual taxpayer identification numbers ("ITINs"). The two have not been issued new Social Security numbers, but received ITINs finally in 2011.

In the interim, Appellants have had several other issues with the IRS regarding their tax returns. For example, the IRS fined Appellants several times for filing frivolous tax returns under 26 U.S.C. § 6702, including a $5,000 fee for filing a frivolous income tax return in 2008. Appellants challenged this assessment in 2011, but the IRS denied the request to abate the fee because Appellants had failed to timely challenge it. Appellants then protested this penalty by filing a petition in the United States Tax Court ("Tax Court"), but the Tax Court dismissed their petition for lack of subject matter jurisdiction

in 2012. Because they contest the propriety of these fines and have yet to pay the penalties in full, Appellants continue to have outstanding tax liabilities.

Despite these troubles, for the 2006-2011 tax years, Appellants actually overpaid a total of $881.93 in federal taxes: $116.95 for 2006; $131.49 for 2007; $192.31 for 2008; $274.44 for 2009; $157.50 for 2010; and $36.24 for 2011. *See Claims Decision*, 115 Fed. Cl. at 522 n.10. Rather than issue a refund, however, the IRS applied these overpayments to Appellants' outstanding liabilities.

In light of the Tax Court's decision to dismiss their 2008 abatement claim and the IRS's decision not to issue a refund for their overpayments, Appellants filed a complaint in the Court of Federal Claims, seeking an abatement of the penalty assessed for the frivolous 2008 tax return and a refund for their 2006-2011 tax years. Appellants contended that they were entitled to $881.93 in refunds for the 2006-2011 tax years and also argued that the government had incorrectly determined that the 2008 tax return was frivolous and requested an abatement of the $5,000 penalty. The government filed a motion to dismiss, arguing that the Court of Federal Claims lacked jurisdiction over the 2008 abatement claim and that Appellants were not entitled to a refund because the overpayments had been properly applied to other outstanding IRS debts.

Upon review of the motions, the Court of Federal Claims found in favor of the government on both issues. *Claims Decision*, 115 Fed. Cl. at 526, 530. It first explained that it only has jurisdiction over tax refund cases where a party pays the entire disputed assessment. Because Appellants had failed to pay the entire penalty before bringing suit, it could not exercise jurisdiction over the 2008 abatement claim. *Id.* at 526. Regarding the refund claim, because the parties heavily relied on matters outside the pleadings, the Court of Federal Claims

construed the government's motion to dismiss as a motion for summary judgment, and granted the motion, finding that Appellants were not entitled to a refund. *Id.* at 522, 530. The court explained that because it was within the IRS's authority to apply overpayments to other outstanding liabilities, the IRS's decision to apply $881.93 to Appellants' unpaid penalties was permissible. Accordingly, the court concluded that Appellants were not entitled to any relief and entered judgment in favor of the government.

Appellants timely appealed the Court of Federal Claims' decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

On appeal, Appellants seek clarification as to whether any court has jurisdiction over their 2008 abatement claim. Appellants also contest the Court of Federal Claims' decision to exercise jurisdiction over their 2006-2011 refund claims, even though neither party questioned the court's ability to consider these claims below.

We review a Court of Federal Claims' dismissal for lack of jurisdiction *de novo*. *Banks v. United States*, 741 F.3d 1268, 1275 (Fed. Cir. 2014). We also review a grant of summary judgment *de novo*. *Century Exploration New Orleans, LLC v. United States*, 745 F.3d 1168, 1171 (Fed. Cir. 2014). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### A. 2008 Abatement Claim

The Court of Federal Claims, concurrently with the United States District Courts, has jurisdiction over tax refund suits. *See* 28 U.S.C. §§ 1346(a)(1), 1491(a)(1). But a prerequisite to bringing such a claim in the Court of

Federal Claims is full payment of the assessed taxes. *Flora v. United States*, 362 U.S. 145, 177 (1960) (finding that the proper construction of 28 U.S.C. §1346(a)(1) "require[d] full payment of an assessment before an income tax refund suit [could] be maintained"); *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (affirming a dismissal of a tax refund case because the assessed tax had not been paid). This rule also applies when a taxpayer is protesting a penalty imposed under 26 U.S.C. § 6702 by the IRS.[1] Accordingly, the Court of Federal Claims lacks jurisdiction to consider a refund claim for an assessment made pursuant to § 6702, if the taxpayer does not pay the entire amount of the assessment.

On appeal, Appellants question whether any court can consider its 2008 abatement claim, given that both the Court of Federal Claims and the Tax Court dismissed claims relating to that question for lack of subject matter jurisdiction. *See Claims Decision*, 115 Fed. Cl. at 522.

Typically, a taxpayer can challenge an assessment in one of two ways. The first is to file a petition with the Tax

---

[1] Unlike Section 6702 penalties, penalties assessed under Section 6700 or 6701 do not require full payment. Rather, a taxpayer can contest a penalty assessment under these sections by paying only 15% of the fine. 26 U.S.C. § 6703(c) (requiring the taxpayer to pay at least 15% of any penalty imposed under sections 6700 or 6701, and to file a claim seeking a refund of the amounts paid, before filing a suit in district court); *see Nielsen v. United States*, 976 F.2d 951, 954 n.7 (5th Cir. 1992) ("Section 6703 provides an exception to the general rule that the entire amount of the assessment must be paid up front. Under Section 6703 the taxpayer may contest § 6700 and 6701 penalties by paying only 15% of the assessment and filing a refund suit in federal district court.").

Court without paying the assessment, and the second is to pay the assessment, request a refund from the IRS, and then file a refund suit in the Court of Federal Claims or in the district court. *See* 26 U.S.C. § 7422(a); *Smith v. United States*, 495 F. App'x 44, 48 (Fed. Cir. 2012) (explaining how a taxpayer can dispute an income tax assessment in the Tax Court or the Court of Federal Claims).

In this case, Appellants first filed a petition in the Tax Court regarding their 2008 fee, and then subsequently filed a complaint in the Court of Federal Claims after the Tax Court dismissed their petition. Appellants are correct that both courts dismissed their claim for lack of subject matter jurisdiction, but neither court stated it could never consider the claim. Rather, in both instances, Appellants failed to comply with certain prerequisites to the exercise of jurisdiction in those courts. The Tax Court dismissed Appellants' 2008 abatement claim because Appellants failed to provide an IRS notice sufficient to confer jurisdiction upon the court and the Court of Federal Claims dismissed this same claim because Appellants did not pay the disputed penalty in full. [2] *See Diamond v. Comm'r*, No. 13878-12S (T.C. Aug. 28, 2012); *Claims Decision*, 115 Fed. Cl. at 526.

In order to bring a claim in either venue, Appellants had to comply with all governing prerequisites to doing so. *See Rochelle v. Comm'r*, 116 T.C. 356, 358 (2001) ("There are two prerequisites to this Court's jurisdiction to redetermine a deficiency: (1) The issuance of a valid notice of deficiency by the Commissioner; and (2) the timely filing of a petition with the Court by the taxpayer."); *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (holding that a tax refund claim must be dismissed

---

[2] The propriety of the dismissal by the Tax Court is not before us.

if the "principal tax deficiency has not been paid in full"); *see also* Brach *v. United States*, 443 F. App'x. 543, 545 (Fed. Cir. 2011) (explaining that full payment of an assessment was a "jurisdictional prerequisite to suing for a refund suit."); *Chi. Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed. Cir. 1994) (finding that 26 U.S.C. § 7422(a) "imposes, as a jurisdictional prerequisite to a refund suit, filing a refund claim with the IRS that complies with IRS regulations"). In the case of the Court of Federal Claims, this includes full payment of the challenged assessment.

In the present case, the Court of Federal Claims found that there was no allegation and no proof that Appellants had paid the entire 2008 penalty assessment. *See Claims Decision*, 115 Fed. Cl. at 525–26. Because Appellants failed to pay the full 2008 assessment, the Court of Federal Claims concluded it did not have jurisdiction to consider this claim. *See Schell v. United States*, 589 F.3d 1378, 1381 (Fed. Cir. 2009) ("As the party seeking the exercise of jurisdiction, the Taxpayers have the burden of establishing that jurisdiction exists."). As there was no evidence that Appellants paid the entire fee, the Court of Federal Claims correctly determined that it lacked jurisdiction to consider the Appellants' 2008 abatement claim. Accordingly, the Court of Federal Claims did not err when it dismissed this portion of Appellants' complaint for lack of jurisdiction.

## B. Tax Refund Claims for 2006-2011

For the first time on appeal Appellants question whether the Court of Federal Claims had jurisdiction over their refund claims for the 2006-2011 tax years. They allege that this court's decision in a case concerning Appellants' 2005 tax return, *Diamond v. United States*, 530 F. App'x 943 (2013), deprived the Court of Federal Claims of jurisdiction over the Appellants' 2006-2011 tax returns. In the prior case, the Court of Federal Claims

determined that Appellants' 2005 tax return did not contain sufficient information, did not evince an honest endeavor to satisfy the law, and therefore did not constitute a proper claim for a refund. Because it only has jurisdiction over a refund claim if "the taxpayers' submissions to the IRS constitute a claim for refund," the Court of Federal Claims dismissed Appellants' refund claim for the 2005 tax year. *Diamond*, 530 F. App'x at 944 (quoting *Waltner v. United States*, 679 F.3d 1329, 1333 (Fed. Cir. 2009)). On appeal, this court affirmed, agreeing with the Court of Federal Claims' determination that Appellants' 2005 tax return was not a proper claim for a refund. *Id*.

Here, Appellants allege that the same deficiencies found in their 2005 tax return are present in the returns at issue in this case. Therefore, Appellants contend that the Court of Federal Claims could not have exercised jurisdiction, because such returns were not valid claims for refunds. At the Court of Federal Claims, Appellants only contested the IRS's decision to credit their overpayments to other outstanding liabilities. As a general principle, appellate courts do not consider issues that were not clearly raised in the proceeding below. *Hormel v. Helvering*, 312 U.S. 552, 556 (1941); *see San Carlos Apache Tribe v. United States*, 639 F.3d 1346, 1355 (Fed. Cir. 2011) ("Because the [litigant] did not raise this argument before the Court of Federal Claims, it is waived on appeal."). "Only rarely will an appellate court entertain" a novel argument raised for the first time on appeal. *Karuck Tribe v. Ammon*, 209 F.3d 1366, 1379 (Fed. Cir. 2000); *see Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individuals case."). Because Appellants failed to raise this issue below, they have waived it.

Even if Appellants had made this argument to the Court of Federal Claims, it is meritless. In the case

concerning their 2005 tax return, the IRS never accepted a return from Appellants. *See Diamond*, 530 F. App'x at 944 (explaining that before Appellants filed suit against the government in the Court of Federal Claims for a refund, the IRS had asked Appellants twice to provide additional information so that the IRS could process the return, but Appellants had failed to do so). But, for the years in dispute in this case, the IRS eventually did accept all of Appellants' tax returns, finding that any deficiencies in the original returns had been corrected in subsequent amended returns. Therefore, the concerns raised in the prior case are not at issue here.

Regarding the legality of the IRS's decision to apply Appellants' overpayments to their outstanding tax liabilities for other years, the Court of Federal Claims correctly concluded that the IRS has the authority to do so. *See* 26 U.S.C. § 6402(a) ("In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment . . . ."); *General Elec. Co. v. United States*, 384 F.3d 1307, 1312 (Fed. Cir. 2004) (explaining that the IRS has the ability to credit overpayments "against the liability of the person who made the overpayment"). Because this was the only issue disputed by the parties below, the Court of Federal Claims properly determined that Appellants had "received the benefit of the refund they [sought]" and "[a]s such, the court can afford them no further relief." *Claims Decision*, 115 Fed. Cl. at 528. As there were no other issues concerning the Appellants' refund claims, the Court of Federal Claims did not err in granting summary judgment in favor of the government.

Conclusion

Accordingly, we affirm the Court of Federal Claims' decision dismissing Appellants' 2008 abatement claim for lack of jurisdiction, and granting the government's motion for summary judgment that Appellants were not entitled to a refund for the tax years 2006-2011.

**AFFIRMED**