NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RANDALL JENNETTE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2023-1152

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00230-EDK, Chief Judge Elaine Kaplan.

---

Decided: September 11, 2023

---

RANDALL JENNETTE, St. Petersburg, FL, pro se.

CURTIS CLARENCE PETT, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by DAVID A. HUBBERT, JOAN I. OPPENHEIMER

---

PER CURIAM.

Randall Jennette appeals from a decision of the United States Court of Federal Claims (the "Claims Court") dismissing his complaint for lack of subject matter jurisdiction. *See Jennette v. United States*, No. 22-230T, 2022 WL 4078553 (Fed. Cl. Sept. 6, 2022) ("*Decision*"). For the reasons detailed below, we *affirm* the Claims Court's decision.

BACKGROUND

In 2019, Jennette, who was incarcerated in a Pennsylvania state prison, filed a tax return, and reported billions of dollars in income that he claimed he was entitled to recover from the Commonwealth of Pennsylvania in connection with civil actions that he had filed in state court. *See* S.A. 11;[1] *Decision* at *1. Based on the assertions of his reported income, the Internal Revenue Service ("IRS") assessed a $5,000 penalty against Jennette for filing a frivolous tax return. S.A. 29. Jennette did not pay the penalty and instead filed suit in the Claims Court, asking it to cancel the penalty. *See* S.A. 11; *Decision* at *2–3. He argued that his 2019 tax return was not frivolous because a request for default judgment that he filed in state court and an alleged contract with Pennsylvania represented valid sources of reportable income. S.A. 11. In the same action, Jennette also asserted criminal and tort claims arising out of his incarceration. *See* S.A. 33.

The Claims Court dismissed Jennette's complaint for lack of subject matter jurisdiction. *Decision* at *5. The court held that it lacked jurisdiction over Jennette's request for equitable relief because it did not "possess general equity jurisdiction," and because the Anti-Injunction Act barred courts from enjoining tax collection. *Id.* at *3. The court added that, even if it interpreted Jennette's complaint as requesting a refund of the penalty, it would still lack jurisdiction over his claim because he had failed to

---

[1]    "S.A." refers to the Supplemental Appendix filed with the government's brief.

satisfy the statutory prerequisites for a refund suit, specifically, full payment of the amount at issue. *Id.* (citing 28 U.S.C. § 1346(a)(1)). The Claims Court also held that it lacked jurisdiction over Jennette's contract claims because its jurisdiction is limited to claims against the United States, not individual states. *Id.* (citing 28 U.S.C. § 1491(a)(1) (stating that the Claims Court "shall have jurisdiction to render judgment upon . . . any express or implied contract *with the United States*" (emphasis added))).

Lastly, the court held that it lacked jurisdiction over Jennette's tort and criminal claims. *Id.* at *4; *see also* 28 U.S.C. § 1491(a)(1) (stating that the Claims Court's jurisdiction is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort"). Jennette then timely appealed the Claims Court's decision to this court.

## DISCUSSION

On appeal, Jennette argues that he established a valid claim for a tax refund and sufficiently alleged the existence of a contract. Appellant's Informal Br. at 2. Jennette also asserts that the Claims Court failed to take into account that he was the victim of a federal crime by being held unlawfully in a state prison, and similarly asserts that the court failed to entertain his tort claim arising from his imprisonment. *Id.* at 1–2.

The government responds that the Claims Court correctly held that it lacked jurisdiction over Jennette's suit because he failed to pay his assessed tax liability and did not allege a contract with the United States, but, rather, alleged a contract with an individual state. Appellee's Br. at 6. The government adds that the court lacks jurisdiction over criminal and tort claims. *Id.*

Because jurisdictional issues are questions of law, we review them *de novo*. *See Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998). In doing so, we review any underlying findings of fact for clear error. *See Banks v. United States*, 314 F.3d 1304, 1307–08 (Fed. Cir. 2003). In addition, where the trial court's subject matter jurisdiction is placed into issue, the nonmoving party bears the burden of establishing jurisdiction. *See Alder Terrace*, 161 F.3d at 1377.

Although *pro se* plaintiffs are given some latitude in their pleadings and are not held to the rigid standards or formalities imposed upon parties represented by counsel, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), a *pro se* plaintiff must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983) (citing *Faretta v. California*, 422 U.S. 806, 835 n.46 (1975)). Thus, the leniency afforded to *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements. *See Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

We agree with the government that the Claims Court lacked jurisdiction to hear Jennette's case and properly dismissed his complaint. Regarding his tax claim, the Claims Court does possess jurisdiction over tax refund claims; however, a plaintiff must first pay the full tax before bringing a claim. 28 U.S.C. § 1346(a)(1); *see also Diamond v. United States*, 603 F. App'x 947, 949 (Fed. Cir. 2015) (applying the "full payment rule" to penalty protests). Additionally, the plaintiff must first file a refund claim with the IRS before bringing suit in the Claims Court. 26 U.S.C. § 7422(a); *see also Rogers v. United States*, 66 F. App'x 195, 198 (Fed. Cir. 2003) (explaining that the Claims Court lacks jurisdiction to order the government to refund IRS penalties where the plaintiff has not filed a refund claim with the IRS). Here, the record does not show that Jennette paid the penalty he disputes or that he previously filed a refund claim with the IRS. We therefore hold that

the court properly dismissed Jennette's tax claim for lack of subject matter jurisdiction.

Regarding Jennette's contract claim, the Claims Court may only adjudicate contract claims between the United States and those with whom it has privity of contract. 28 U.S.C. § 1491(a)(1) ("The [Claims Court] shall have jurisdiction to render judgment upon . . . any express or implied contract with the United States."); *see also Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed. Cir. 1998). Agreements with states or state officials do not establish privity with the federal government. *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)). Jennette does not appear to assert that his alleged contract placed him in privity with the United States. Because Jennette's alleged contract with Pennsylvania does not establish privity with the federal government, the court properly dismissed his contract claim for lack of jurisdiction.

Lastly, the Claims Court lacks jurisdiction to adjudicate Jennette's criminal and tort claims and properly dismissed these claims. *See* 28 U.S.C. § 1491(a)(1) (stating that the Claims Court's jurisdiction is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort").

## CONCLUSION

We have considered Jennette's remaining arguments, but we find them unpersuasive. Accordingly, the decision of the Claims Court is *affirmed*.

## AFFIRMED

### COSTS

No costs.